## CAVIN, Plaintiff in Error, vs. SMITH & KERR, Defendants in Error.

1. The declarations of a party, while in possession of personal property, *against* his title are admissible evidence against a party claiming under him.

### Error to Polk Circuit Court.

Action for the conversion of a mare. The defendants purchased the mare at a constable's sale under an execution in their favor against one Ray. At the trial, the defendants offered evidence of admissions by the plaintiff that he had sold the mare to Ray. The plaintiff, in rebuttal, offered to prove declarations of Ray that the sale to him was upon a condition, and that the condition had never been complied with. This

evidence was excluded, the plaintiff excepted, and, after a verdict and judgment against him, sued out this writ of error.

*F. P. Wright*, for plaintiff in error, that there was error in the exclusion of Ray's admissions, cited 2 Stark. Ev. part 2, p. 32. 1 Taunt. 139.

*Otter*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

The court should have admitted the testimony of the witness, Mayfield. The defendant's answer to the action, as appears from the evidence, though not in the pleadings, rested on the assumption that Ray was the owner of the mare. Now, it is a settled rule of law that a party cannot create evidence for himself. Yet he may, by his acts and declarations, make evidence against himself. If Ray was the owner of the mare, although he could not confirm or strengthen his title by his own declarations, yet his declarations may weaken or disprove his title. The possessor of property, nothing more appearing, is presumed by the law to be the owner of it. The law raises this presumption in favor of him who is in the possession of property. Now if he will, against his interest and against the presumption of law, make declarations or admissions, those declarations and admissions are, like all others, made against a party's interest, and will be evidence against him. When one is in possession of property, the presumption of law is, that it is his, if nothing more appears. Now, if he will, by his words, show that the property is not his, why should not those admissions be evidence against him, just as any other admissions made against his interest?

In order to show property out of another, is it not every day's practice to receive his declarations or admissions that it does not belong to him, or that he has only a limited interest in it, or holds it in a fiduciary capacity? (*Turner* v. *Belden*, 9 Mo. Rep. 797.)

The answer did nothing more than controvert the allegations

of the petition. If the defendants acquired title, in any way, to the property, they should have set up the matter in their answer. As the pleadings now stand, there is nothing but a denial of the conversion alleged in the petition. This, however, can be of little consequence, as the judgment is reversed on another ground, and the cause will be remanded, when there will be an opportunity of amending the pleadings, if the parties should see fit.

Reversed and remanded; the other judges concur.