Darrett v. Donnelly.

JOHN DARRETT, Defendant in Error, *v.* B. M. DONNELLY, Plaintiff in Error.

1. *Practice—Pleading—Answer.*—An answer may set up several defences, but they must be consistent with each other, and separately stated. An answer to a petition alleging a contract of sale, delivery and acceptance of the thing sold, cannot traverse the sale, delivery and acceptance, and at the same time admit the sale and plead in avoidance.
2. *Evidence—Declarations*—The declarations of a party in possession of property are admissible in evidence as explanatory of the possession, but not to prove the contract by virtue of which the possession was acquired.

*Error to Marion Circuit Court.*

*Dryden & Lindley* with *H. L. Lipscomb,* for plaintiff in error.

The statement of Donnelly made to Bird was part of the *res gestæ* and competent in explanation of the contract of the defendant previous to his possession of the slave—Boyden v. Moore, 11 Pick. 362; Inhab. of Groton v. Inhab. of Lancaster, 10 Mass. 110.

*T. L. & W. R. Anderson,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case alleges that plaintiff, on or about the 22d day of October, 1859, sold and delivered to defendant a certain negro boy named Charles, and that the defendant accepted and received said boy, and agreed to pay plaintiff therefor the sum of twelve hundred dollars; and then charges that, by reason thereof, the defendant was indebted to the plaintiff, a demand and refusal of payment, and asks judgment.

Darrett v. Donnelly.

Defendant, in his answer to the petition, denies that plaintiff, on or about the 22d day of October, 1859, or at any other time, sold or delivered to the defendant a negro boy named Charles, or any other negro; and he further denies that he accepted or received the said Charles, or any negro boy, or that he agreed to pay plaintiff therefor the sum of twelve hundred dollars, or any other sum.

The answer then continues: Defendant admits that about the 22d day of October, 1859, plaintiff agreed to sell and deliver in Marion county, to the defendant, a certain negro boy named Charles, then in Bloomington, in Macon county, Mo.; and defendant then and there agreed to purchase said boy, and accept him in Marion county, at the price af twelve hundred dollars, provided that if upon an examination first to be made of the said boy, he should be found to be sound and free from all such blemishes and defects as would injuriously affect his sale in the market. Defendant further says that about the time mentioned defendant was engaged assisting the plaintiff in bringing the said boy Charles from Bloomington to said county of Marion, but he says he never did make the said preliminary examination of said boy, nor did he ever have an opportunity for such examination, nor was the said contract of sale ever consummated or the delivery of the said boy under said contract made.

On motion of the plaintiff, the court struck out all that part of the answer beginning with and following the words "defendant admits," &c., and this ɜ· assigned for the first error.

The petition charges that the plaintiff sold and delivered to the defendant a negro boy named Charles, for and in consideration of a certain price, and that the defendant accepted the boy. The first part of the answer, which was not stricken out, denies each and every of these allegations. Here, then, a triable issue was made up, and it was incumbent on the plaintiff to prove the averments in his petition, which were expressly denied in the answer. That part of the answer

stricken out was not responsive to the averments of the petition. An answer may contain as many causes of defence as the defendant may have, but they must be consistent defences, and separately stated.

A party cannot deny a sale, delivery and acceptance, and then in the same answer admit a sale and attempt an avoidance. Such a course of procedure would be destructive of the rules governing pleading under our practice act—Alterberry v. Powell, 29 Mo. 429; Cable v. McDaniel, 33 Mo. 363 ; Adams v. Trigg, 37 Mo. 141.

The next error assigned is the action of the court in excluding evidence. On the trial of the cause before a jury, one Bird was called and examined as a witness on behalf of the defendant, who having, among other things, testified that he was in company with the plaintiff, defendant and negro boy from Bloomington until they took the cars at Bevier, the defendant offered to prove by him that just after the cars had started from Bevier east, and before the escape of the boy, the defendant said to the witness ( the plaintiff being absent in another car at the time) that " plaintiff was a careless man; that, by the terms of the sale, the negro was the plaintiff's until he was stripped and examined and delivered at Monroe City, which had not been done"; which evidence was objected to by plaintiff, and the objection sustained. It is a settled rule of law, that a party cannot make evidence for himself; yet by his acts and declarations he may make evidence against himself.

And the declarations of a party, made while in possession of personal property, against his title, are admissible in evidence against a party claiming under him—Cavin v. Smith, 21 Mo. 444 ; Burgess v. Quimby, id. 508 ; Criddle v. Criddle, id. 522.

The declarations or admissions of one in possession of property explanatory of his possession, as that he held in his own right, or as a tenant or a trustee of another, are admissible evidence, because it explains the character of his pos-

session ; but his declaration in regard to the contract by which he came into possession cannot be received in his favor—McBride v. Thompson, 8 Ala. 650; Cox v. Easterly, 11 Ala. 362; 17 Ala. 392; Maus v. Sturtevant, 23 Ala. (N. S.) 664. The evidence here sought to be introduced was wholly directed to the terms of the contract, and not explanatory of the possession. The case of Boyden v. Moore, 11 Pick. 363, cited by the counsel for the plaintiff in error, is not in point. That case was trespass against a deputy sheriff for taking and carrying away four horses, a wagon, &c. .

At the trial, it appeared that the chattels were once the property of Charles Boyden, the plaintiff's son. Both parties claimed under Charles, the plaintiff, by virtue of a sale and transfer under him and the defendant by virtue of an attachment or *mesne* process against Charles, made about a week after the transfer. The plaintiff then, after proving by witness the sale and delivery of the chattels, offered to prove that within one hour after the transfer he directed Charles to take the property to Brooks and get Brooks to keep it at the plaintiff's expense; and that the next morning the plaintiff went to Brooks, and told him that he owned the property by virtue of a bill of sale, and that he would pay him for keeping it. On trial at the Circuit, these declarations were admitted as part of the *res gestæ*. On appeal, it was held that the declarations were properly admitted, not as proof of the facts alleged in the declarations, but of substantive acts, a part of the *res gestæ*.

The evidence showed that he was incurring expense and charging himself with a debt, and it gave the transaction notoriety and repelled the suggestion of secrecy, which would have been a badge of fraud, for which the sale was attacked. The cases are not similar either in principle or application.

The judgment must be affirmed. The other judges concur.