The Hannibal & St. Joseph Railroad Company v. Clark

THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*
v. CLARK.

1. **Evidence:** DECLARATIONS. The declaration of one in possession of property explanatory of his possession, as that he held in his own right, or as tenant, or as trustee, are admissible for the purpose of explaining his possession; but his declaration in regard to the contract by which he acquired possession are not receivable in his favor. (Following *Darrett v. Donnelly,* 38 Mo. 492.)

2. ———: ———: EXCLUSION OF, NOT GROUND OF REVERSAL WHEN. The ruling of the trial court in excluding evidence, although excepted to at the time, will not be reversed by the Supreme Court, unless the exclusion of proper evidence was assigned, as error, in the motion for a new trial. (Following *Brady v. Connelly,* 52 Mo. 19.)

3. ———: CERTIFICATE OF ENTRY, SUFFICIENT AS COLOR OF TITLE, WHEN. A certificate of entry obtained in good faith, upon the payment of the entrance money, from an officer having a right to make sales of public land, is sufficient color of title in connection with the adverse possession of a part of a tract of land, in the name of the whole, to vest the title to the whole tract in the purchaser, under the statute of limitations.

4. ———: ———, AS COLOR OF TITLE, UNAFFECTED BY CANCELLATION OF, WHEN. The cancellation of such certificate of entry by the commissioner of the general land office, if not brought home to the knowledge of the purchaser, will not destroy his color of title, and remit him, in his right of recovery, to that portion of the land actually in his possession for the period prescribed by the statute of limitations. *Quaere,* whether it would do so, in case the cancellation were brought to the knowledge of the purchaser.

*Appeal from Monroe Circuit Court.*—HON. JOHN T. REDD, Judge.

*Geo. W. Easley* for appellant.

1. James Clark's declarations should have been excluded, because made in reference to his title and not his possession. *Darrett v. Donnelly,* 38 Mo. 492; *McBride v. Thompson,* 8 Ala. 650; *Maus v. Sturtevant,* 23 Ala. (N. S.) 664.

2. The letter and proofs in the pre-emption proceeding should have been admitted for the purpose of showing the

character of Clark's possession; they would have shown that the land was not subject to pre-emption. *Peas v. Lawson*, 33 Mo. 35.

3. The certificate of the entry by Clark, under the homestead act, was not color of title, because the land was not subject to entry under that act. It was an alternate section to those granted to the State to aid in building the appellant's road, under 10 U. S. Stat. at Large, p. 9, § 2, and afterwards selected by the State in lieu of other lands. 5 U. S. Stat. at Large, p. 455, § 10. To constitute color of title, there must be nothing on the paper, or in the transaction, to show that it is illegal or prohibited by law, because, if such should appear, it would charge the party with notice of the defect, and render his claim *mala fide*. Blackwell on Tax Titles, 567; *Bowman v. Wettig*, 39 Ill. 416; *Swope v. Saine*, 1 Dill. C. C. 416; *Moore v. Brown*, 11 How. 414.

4. If the certificate of entry was color of title when issued, it ceased to be such when cancelled. The color of title and the possession must concur for the full period of the statute. Blackwell on Tax Titles, (4 Ed.) 650; *McIver v. Rayan*, 2 Wheat. 29; *Livingston v. Peru Iron Co.*, 9 Wend. 511; *Sydnor v. Palmer*, 29 Wis. 226; *Jackson v. Thomas*, 16 Johns. 293. Although Clark's possession may have been adverse as to the whole tract, as its inception, yet the character of the first possession was changed by the cancellation of his certificate of entry, and that cancellation ought to have been considered as denoting *quo animo* the possession of the portion outside his inclosure was held by him.

5. The respondent should have been confined to the *pedis possessio* of James Clark. *St. Louis v. Gorman*, 29 Mo. 593; *DeGraw v. Taylor*, 37 Mo. 310.

*Wm. J. Howell* for respondent.

NORTON, J.—This is an action of ejectment, commenced

on the 23rd day of April, 1872, in the circuit court of Monroe county, for the recovery of the northeast qr. of section 27, township 54, range 8. The petition is in the usual form. The answer admits possession, denies plaintiff's right thereto, and sets up the statute of limitations as a bar to plaintiff's right of action. The plea of the statute was put in issue by replication, and the cause was tried at the April term, 1876, of said court, and after the evidence was heard and instructions given, plaintiff took a non-suit with leave to move to set the same aside, which motion having been made and overruled, the cause is brought here by appeal.

Plaintiff derived title to said land under act of Congress, approved June 10th, 1852, granting lands to the State to aid in the construction of certain railroads; also under an act of Congress of August 3rd, 1854, and an act of the General Assembly of the State accepting the grant, and applying a portion of the lands thus granted to the Hannibal & St. Joseph Railroad Company. In support of its title, plaintiff offered the same evidence which was offered in the case of the *Hannibal & St. Jo. R. R. Co. v. Smith*, 41 Mo. 310.

The defendant, in support of his title, offered evidence subsequently as follows : That on the 9th day of January, 1855, James Clark entered the land in controversy at the United States land office in Palmyra, and received therefor a certificate of entry No. 31,826; that, immediately thereafter, he went into actual possession and fenced about ten acres, and in the spring following inclosed twenty-five or thirty acres more by fencing it, and remained in the actual possession thereof till his death, which occurred in February, 1862; that after the death of said James Clark, defendant, as his administrator, immediately took possession and has remained in possession ever since, and, in 1869 and 1870 inclosed the whole of said land; that in 1858 said Clark sent his certificate of entry to Washington City to L. L. Anderson, to procure his patent, who sent it to the

land office, and was informed that the entry had been canceled; that the certificate of entry was lost; that the taxes on said land were paid by said James Clark up to the time of his death, and since that time have been paid by defendant.

During the progress of the trial a witness was asked if he ever heard James Clark say how he claimed title to the land, and was permitted to answer the question over the objection of plaintiff, and said "that he claimed this land by entering it and paying taxes on it. I have heard him speak of it as his own. He claimed it by going to the land office, by getting the certificate and paying his money for it." The declaration of one in possession of property explanatory of his possession, as that he held in his own right, or as tenant or trustee, is admissible for that purpose, but his declarations in regard to the contract by which he came into possession, are not receivable in his favor. *Darrett v. Donnelly,* 38 Mo. 492. Under this rule, so much of the answer of witness which stated that he heard his father claim the land as his own, was receivable. The remainder of his answer appears to be an affirmation of facts of which the witness himself was cognizant; for he had previously stated that he was with his father at the land office, that his father entered the land in his presence, paid his money for it, and got his certificate, and paid taxes on it up to the time of his death.

The action of the court in sustaining the objection made to a certified copy of a letter from the commissioner of the general land office dated July 3rd, 1856, showing that James Clark's entry had been cancelled, and, also, the proofs made by Clark when he made the entry offered in evidence by the plaintiff, cannot be reviewed by us, because the exclusion of proper evidence is not assigned as error in the motion for a new trial. Although plaintiff excepted to the ruling of the court in excluding the evidence, he did not raise the

*Margin notes: 1 EVIDENCE: declarations. 2. ——: ——: exclusion of, not ground for reversal, when.*

objection on the motion for new trial. *Brady v. Connelly*, 52 Mo. 19.

The action of the court in giving and refusing instruc-tions is also assigned for error. Plaintiff asked the following declarations: 1. The documentary evidence of title shows a complete title in the plaintiff, and the jury will find for plaintiff. 2. The certificate of entry to the land in controversy given by the register of lands at Palmyra, Missouri, to James Clark, shows no title in said Clark, and as a consequence, none in the defendant. 3. Said certificate of entry is not even color of title in said James Clark, or of defendant, who claims under him. 4. Even if said certificate of entry were color of title in said James Clark and the defendant claiming under him, still, if the jury believe from the evidence that the commissioner of the general land office of the United States, on the 31st day of July, 1856, cancelled said certificate, then said certificate no longer constituted color of title. 5. Under the pleadings and evidence in this case, the statute of limitations only ran against the plaintiff for so much of the land in controversy as was actually inclosed by James Clark and his heirs, and possession held by them for a period of ten consecutive years prior to the 23rd day of April, 1872. 6. The defendant, and the person under whom he claims, cannot acquire title to the land in controversy against the plaintiff by actual, open, notorious and adverse possession.

The court gave the instruction numbered two, and refused the others, and appellant excepted. The respondent then asked the following instructions: 1. If the jury believe from the evidence that James Clark came into the actual possession of a part of the land sued for about the year 1855 or 1856, and fenced up and held said part till the time of his death, about the year 1862, and after his death the defendant came into possession of the same under him, as his administrator, and one of his heirs at law, and has held the possession of the same until the present time, claiming to hold under the said James Clark, and that the

said James Clark, and the defendant since his death, have continuously, for a term of over ten years prior to the commencement of this suit, held the visible, notorious, actual and adverse possession thereof, against the plaintiff and all other persons, and claiming to be the owner thereof successively, as aforesaid, the jury should find for defendant as to such part of said tract. 2. If the jury believe from the evidence that James Clark entered the land in controversy at the land office at Palmyra about the 25th day of August, 1855, and obtained from the officers of said land office a certificate of said entry, and immediately took possession of said land, and in said year fenced up a part thereof, and afterwards fenced up more of the same, and died about the year 1862, and the defendant came into possession of said land, as the administrator and one of the heirs at law of the said James, under him and claiming to hold under him till the present time, and that the said James, in his life-time, and the defendant since his death, have successively and continuously held the possession of said part of said land so fenced up under said certificate of entry, in the name of the whole tract in controversy, visibly, openly, notoriously, actually adversely to the plaintiff, and all other persons, and claiming to own the whole tract for a period of more than ten years before the commencement of this suit, and have exercised during the time of such possession the actual acts of ownership over the whole tract in controversy, the jury should find for the defendant. The court gave both these instructions, and the appellant excepted. The court, upon its own motion, then gave the following instructions: 1. The act of Congress of June, 1852, the act of the General Assembly of the State of Missouri of September, 1852, in connection with the list of lands selected by the State, as certified by the commissioner of the general land office, and the approval of said list by the Secretary of the Interior, and other documentary evidences of title read in evidence by plaintiff, operate to vest in plaintiff the title to the land

sued for, and the verdict should be for the plaintiff, unless the jury further find that James Clark, and defendant claiming under him, had such actual possession of the land, or a part thereof, as would authorize a verdict for defendant under the first or second instructions given by defendant. 2. The possession of James Clark, and defendant claiming under him, of the tract sued for, or any part thereof, is no bar to plaintiff's action as to such tract or part thereof, so held in possession, unless such possession was actual, open and notorious, and under claim of title.

It is insisted that the action of the court in giving and refusing the above instructions was erroneous on two grounds, viz.: First, because the certificate of entry gave no color of title, and second, because, if sufficient to give such color, its cancellation by the commissioner of the general land office destroyed the color and remitted Clark in his right of recovery to his *pedis possessio*, or to that portion of the land actually possessed by him for a period of ten years before the institution of this suit. Neither of these objections are well taken. While the certificate of entry did not invest Clark with the legal title, yet it was sufficient under our statute to enable the holder to maintain or resist ejectment. The evidence, we think, clearly shows that it was obtained in good faith, that Clark paid the entrance money and received a certificate of purchase from an officer having a right to make such sales, and entered upon the land under his purchase. " The phrase, color of title, implies that some act has been done, or some event has occurred, by which some title, good or bad, has been conveyed." *Mylar v. Hughes* 60 Mo. 105. A defective conveyance, or a conveyance from one having no title, if taken *bona fide*, may be used in connection with adverse possession of a tract of land in the name of the whole tract, so as to acquire title under the statute of limitations. *Chapman v.*

3. ——: certificate of entry, sufficient as color of title, when.

*Templeton*, 53 Mo. 463. Instructions numbered three and five were, therefore, properly refused.

It is further contended by counsel that the cancellation of Clark's certificate of entry rendered it null and void, and destroyed the color of title under which he claimed the land, and that, therefore, the fourth instruction asked by plaintiff should have been given. If, as is contended by plaintiff, the effect of the cancellation of the certificate of entry was to destroy defendant's color of title, it would seem to be essential that knowledge of such cancellation should have been brought home to Clark, in order to restrain the operation of the statute, and confine defendant to the recovery only of that part of the land actually in possession. This question of knowledge is entirely ignored in the instruction, and for that reason, if no other, the instruction was properly refused. We do not undertake to say that knowledge of the cancellation on the part of Clark would, from the time he received it, have remitted him to his actual possession, but we do say that the mere cancellation, unless the knowledge of it was brought home to Clark, could have no such effect, and that is all we are called upon to determine in this case

4. ——: ——: *as color of title, unaffected by cancellation of, when.*

Judgment affirmed with the concurrence of the other judges.

AFFIRMED.