JAMES CARROLL, Appellant, v. JOSEPH FRANK, Respondent.

St. Louis Court of Appeals, November 22, 1887.

1. ATTACHMENT—OFFICERS—TITLE TO GOODS SEIZED—REPLEVIN.—A constable acquires a special property in goods seized by him under a valid writ of attachment, which will enable him to maintain replevin for them against any one except the true owner, if such owner be not the defendant in the attachment.

2. EVIDENCE—HEARSAY—UNSWORN DECLARATIONS.—Unsworn declarations by one in possession of chattels as to the character of his holding, are admissible in evidence against him and those holding under him, but not against strangers.

Appeal from the St. Louis Circuit Court, Daniel Dillon, Judge.

*Reversed and remanded.*

Montague Lyon, for the appellant.

Nathan Frank, for the respondent.

Thompson, J., delivered the opinion of the court.

An attachment suit was brought before a justice of the peace, by Henry Lyon & Son, against Jacob Karatofsky, and the writ was levied upon one zinc trunk and contents thereof. Thereafter, the defendant in this action, Joseph Frank, brought an action of replevin before another justice of the peace, in which action he obtained the custody of the trunk and its contents from the constable. Thereafter the justice dismissed the action for want of jurisdiction, leaving Mr. Frank in the custody of the chattels in controversy. The constable now brings this action against Mr. Frank for the value of the same. The substantial defence is, that the chattels are the property of the defendant. There was a trial before the court, sitting as a jury, and judgment was given in favor of the plaintiff, but for nominal damages only. The plaintiff appeals to this court.

If the defendant was really the owner of the chattels it is a complete defence to this action for him to prove his ownership, for the constable could not acquire, as against the owner, any special property in the goods of a stranger to the attachment suit, from the mere fact of levying upon them. He could not acquire any special property therein, as against the real owner, by virtue of his trespass upon such property.

Against the objection of the plaintiff, Jacob Karatofsky, the defendant in the former attachment suit, was allowed to give in evidence the unsworn declarations of his son, Isaac Karatofsky, made to the witness while Isaac was in possession of the trunk and contents, to

the effect that he had got them at the defendant's store in Fort Smith, Arkansas. It is true that the declarations of a party, made while in possession of personal property, against his title, are admissible in evidence either against himself or against a party claiming under him. *Darrett v. Donnelly*, 38 Mo. 492, 494. But, in this case, the plaintiff does not claim under Isaac Karatofsky, and, therefore, this rule does not let in his unsworn declarations. It is, also, true that the declarations or admissions of one in possession of property, explanatory of his possession, as that he holds in his own right, or as tenant or trustee of another, are admissible in evidence as tending to show the character of his possession. *Darrett v. Donnelly*, 38 Mo. 492–94. The meaning of the rule is, that such declarations are admissible for the purpose of showing in what manner the possessor claims to hold possession, whether in his own right and as adverse to another, or whether in right of another. None of our decisions go to the length of holding that such declarations are admissible for the purpose of showing how the possessor came into possession of the goods, or for the purpose of showing title in another, in an action in which the person making the declarations is not a party.

This ruling requires a reversal of the judgment. It was plainly prejudical, since it was the only evidence offered to show ownership in this defendant, and since the court refused to render judgment for the plaintiff for more than nominal damages. If the defendant was not the real owner, the plaintiff was entitled to recover substantial damages ; if he was the real owner, the plaintiff was not entitled even to nominal damages.

The judgment will be reversed and the cause remanded. All the judges concur.