JAMES CARROLL, Respondent, v. JOSEPH FRANK, Appellant.

**St. Louis Court of Appeals, December 3, 1889.**

1. **Evidence:** BURDEN OF PROOF. When one, who has taken goods from an officer who has levied upon them, justifies the taking on the ground of the ownership of the goods, he has the burden of proving his title.

2.  **Practice, Appellate:** WEIGHT OF EVIDENCE. An appellate court will not weigh the evidence, when there is evidence rebutting that of the party having the burden of proof ; and this rule applies even when the evidence is given wholly by deposition.

3.  ———. Memoranda of the trial judge, stating his reasons for the conclusions reached by him, are not a part of the record.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Nathan Frank*, for the appellant.

While the ordinary rule is that appellate courts will not entertain a point against the findings of a court or jury on the ground that such finding is against the evidence, yet such rule is not one which will not admit of exception ; and, where it appears from the record, that a judgment has not substantial evidence to support it, it will be reversed on appeal. *Lionberger v. Pohlman*, 16 Mo. App. 392 ; *Taylor v. Fox*, 16 Mo. App. 531. And this rule does not apply when the evidence is given by deposition. And the burden of proof was on the plaintiff to show his title, which was special, to the property. 2 Greenl. Ev. 636 ; 6 Wait's Act. & Def., p. 221, sec. 8. The court also erred in excluding evidence offered by the defendant. The trial court also misconceived the former opinion of this court, as appears from its decision.

*Montague Lyon*, for the respondent.

This court will not weigh the evidence for the purpose of reviewing the findings of the trial court. *Rothschild v. Railroad*, 92 Mo. 91; *Pike v. Martindale*, 91 Mo. 268; *Miller v. Breneke*, 83 Mo. 163 ; *Hamilton v. Boggess*, 63 Mo. 233 ; *Schad v. Schad*, 95 Mo. 273 ; *Vanhorn v. Walker*, 27 Mo. App. 78 ; *Woods v. Land*,

22 Mo. App. 425 ; *Hurlbut v. Jenkins*, 22 Mo. App. 572. The rulings of the trial court on the exclusion of evidence were not erroneous ; but, if erroneous, they would not warrant a reversal. *Chapman v. White*, 52 Mo. 179 ; *Wilkerson v. Allen*, 67 Mo. 502 ; *In re Bischoff*, 10 Mo. App. 474 ; *Broome v. Wright*, 15 Mo. App. 406 ; *Kent v. Miltenberger*, 15 Mo. App. 480 ; *State v. Lambert*, 21 Mo. App. 301. The written opinion of the trial court is no part of the record, although embodied in the bill of exceptions, and will be disregarded by this court. *Lawyer v. McLean*, 10 Mo. App. 591; *Brecheiser v. Coffey*, 15 Mo. 80 ; *Carpet Co. v. Peck*, 19 Mo. 342 ; *Field v. Crecelius*, 20 Mo. 302 ; *Bevis v. Railroad*, 30 Mo. 567.

THOMPSON, J., delivered the opinion of the court.

This case was before the court on a former appeal, and is reported in 28 Mo. App. 69. Re-stating the case in outline, it is as follows : An attachment suit was brought before a justice of the peace, by Henry Lyon & Son, against Jacob Karatofsky, and the writ was levied upon one zinc trunk and the contents thereof. Thereafter, the defendant in this action, Joseph Frank, brought an action of replevin before another justice of the peace, in which action he obtained the custody of the trunk and its contents from the constable. Thereafter the justice dismissed the action for want of jurisdiction, leaving Mr. Frank in custody of the trunk and contents. The constable brings this action against Mr. Frank for the value of the same, on the theory of a conversion. The substantial defense is, that the trunk and contents are the property of the defendant. The case was again tried before the court sitting as a jury, and judgment was rendered in favor of the plaintiff for substantial damages. The defendant now appeals to this court.

It will be remembered that, on the former trial, the plaintiff also had a judgment, but for nominal damages

only, and that the appeal was prosecuted by the plaintiff. We reversed that judgment in an opinion in which the following language was used : "If the defendant was really the owner of the chattels, it is a complete defense to this action for him to prove his ownership ; for the constable could not acquire, as against the owner, any special property in the goods of a stranger to the attachment suit, from the mere fact of levying upon them." We also held that the court, on the former trial, erred in allowing the principal witness for the defendant, Jacob Karatofsky, to testify, against the objection of the plaintiff, to certain unsworn declarations of his son, Isaac Karatofsky, made to the witness whilst Isaac Karatofsky was in possession of the trunk and its contents, to the effect that he, Isaac, had got them from the defendant's store at Ft. Smith, Arkansas. On the trial, from which this appeal is prosecuted, a new deposition of Jacob Karatofsky was put in evidence by the defendant, which contained, in like manner, the declarations of his son respecting his title to the goods, which declarations were excluded.

This deposition of Jacob Karatofsky was the only evidence upon which the defendant rested his claim to the ownership of the goods. It was substantially to the effect that the deponent, Jacob Karatofsky, had been carrying on business as a merchant at Ft. Smith, Arkansas ; that, in January, 1883, he had made an assignment to Nathan Frank for the benefit of his creditors ; that Nathan Frank had sold the assigned goods at public auction, and that the defendant, Joseph Frank, had become the purchaser thereof ; that Joseph Frank continued to carry on, at Ft. Smith, the business which the witness had carried on prior to the assignment ; that Isaac Karatofsky, a son of the deponent, had been employed by Joseph Frank as a clerk or salesman in this store at Ft. Smith ; that, in July of the same year, Isaac Karatofsky was discharged by Joseph

Frank, and made his appearance in St. Louis, where the witness, his father, was then lodging, having in his custody the zinc trunk and contents, which are the subject of this action; that the witness opened the trunk and recognized the goods therein as being the goods of the defendant, Joseph Frank; that he knew them to be such from the fact, that they still had the marks on them which he, the witness, had put on them while they were his goods. The witness swore in the most positive manner that the goods were the goods of the defendant, and that they had been *stolen* from the defendant by his son. The testimony disclosed also the fact that he and his son had quarreled and were at enmity; in short, he accused his son of stealing from other people as well as from the defendant, and called him a robber.

The accuracy of the statements of this witness, as to the identity of the goods as the goods of the defendant, was somewhat impaired by his cross-examination, and by the testimony of a witness named Steele, who was baggage master at the Union depot in St. Louis when the trunk and its contents were attached by Henry Lyon & Son, as the property of this witness, Jacob Karatofsky, which testimony was to the effect that Jacob Karatofsky used expressions, indicating a claim of ownership of the goods himself. Mr. Steele testified: "He was very angry, and said that *his property* could not be attached in that manner; he would show them that they could not attach *his property*." On the other hand, the accuracy of Mr. Steele's recollection was somewhat impaired by his cross-examination, leaving it in doubt, whether Jacob Karatofsky did not object to the attachment on the ground, that the goods had already been delivered to the railway company for transportation, and a check issued for the same.

I. We have thus stated the substance of the testimony the better to dispose of the principal assignments of error,

which is, that the finding of the circuit court against the title of the defendant, Joseph Frank, is contrary to the evidence. We do not think that this assignment of error can be supported. It is to be remembered, that the plaintiff, who was the constable who levied the attachment of Henry Lyon & Son upon the trunk and contents, as the property of Jacob Karatofsky, made out a *prima facie* case in support of his right of possession as having a special property in the trunk and contents, when he put in evidence the record in the attachment suit. The defendant, Joseph Frank, not having prosecuted his replevin suit to effect, but it having been dismissed by the justice for want of jurisdiction, stood in the position of a person who had taken the goods from a constable, and who was bound to justify his taking by proof of his ownership. The burden of proving ownership being thus upon him, the stress of this assignment of error is, that the circuit court did not believe the evidence adduced by him in support of his title. In order to support an assignment of error, on the ground that the trier of the facts, in an action at law, has refused to credit the evidence adduced by the party sustaining the burden of evidence, the case must come within the rule stated by this court in *Lionberger v. Pohlman*, 16 Mo. App. 392, 398, that, "Where the testimony offered in support of the allegations of the party who sustains the burden of the proof is, if believed, sufficient to make out his case, and is clear, consistent with itself, delivered by an unimpeached witness, and no circumstance is developed tending to cast suspicion upon it, and no substantial countervailing evidence is offered by the other party, if the jury, nevertheless, disregard it and return a verdict against it, it will be the duty of the trial court on a motion for a new trial, and of an appellate court on appeal or error, to set it aside as being the result of a manifest mistake." It is clear that this case is not within the rule thus stated, because the claim of

title of the defendant rests entirely upon the deposi-
tion of Jacob Karatofsky, and there is, to say the least,
*some* countervailing evidence, namely, the testimony of
the witness, Steele, to the effect that, at the time of
the levy of the attachment of Henry Lyon & Son,
Jacob Karatofsky claimed the goods as his own. But
it is argued that, as the testimony of Jacob Karatofsky
consisted estirely of a *deposition*—as the witness him-
self was not before the trial court, so that the trier of
the facts could observe the manner of his giving his tes-
timony—in other words, as his testimony is presented
to this court in precisely the same form as it was pre-
sented to the trial court, the rule, which prohibits appel-
late courts from weighing conflicting evidence in actions
at law, fails. It is true, that the reason of the rule does
not apply with the same force, as it does where the tes-
timony is delivered orally in the trial court. But the
rule itself is the same, whether the testimony is deliv-
ered orally or in the form of depositions. The rule is
well settled, and we have not the power to change it,
although we may think that it has worked injustice in a
particular case.

A portion of the argument under this head has been
directed to a memorandum in writing, made by the
learned judge who tried the facts, embodying his reasons
for finding in favor of the plaintiff, on the issue of the
defendant's title of goods. We must repeat what we said
in the case of *Bevis v. Baltimore & Ohio Railroad Co.*, 30
Mo. App. 564, 567, that such a memorandum is no part
of the record, either in fact or in law. A ruling embod-
ied in such a memorandum cannot be made the subject
of an exception. Especially, where the memorandum
goes no further than to state the reasons of the judge for
his decision of the facts, it cannot in strictness be looked
to for any purpose in an appellate court, any more
than the reasons given by a jury for their verdict could
be looked to, if they should presume to return their rea-
sons with their verdict.

But in our own investigations we have frequently had occasion to acknowledge the aid derived from these memoranda or opinions of the circuit judges, and we must make a similar acknowledgment here. The memorandum, which the learned judge who sat as trier of the facts deposited with the papers in this case, when he made his findings and directed judgment, was as follows: "Omitting those portions of the deposition of Jacob Karatofsky, which the court of appeals held incompetent, I think the evidence is insufficient to show that the property in question belonged to defendant Frank. Especially does it leave the ownership of Frank in great doubt, when we bear in mind that defendant, though he obtained possession of these goods, and had full means of identifying them, offers no evidence that these goods had been stolen or wrongfully taken from him at Ft. Smith, or elsewhere. It would seem that such evidence would not be difficult to obtain, if such were the facts, and, in the nature of things, defendant would be expected to produce it, and thereby supplement the testimony of Mr. Karatofsky; and I do not think its absence ought to be overlooked, when no reason, or excuse is presented for not producing it."

From what we have already stated, it appears that the defendant's theory of fact was, that this trunk and contents had been stolen from his store at Ft. Smith, Arkansas, by Isaac Karatofsky, and such was the testimony of Jacob Karatofsky. But this memorandum of the circuit judge points out a manifest infirmity in this theory of fact, namely, that there was no proof of the *corpus delicti*—no proof of any goods having, in fact, been stolen from the defendant's store at Ft. Smith, Arkansas. It may be true, as suggested, that the defendant was not carrying on his business in person at Ft. Smith, Arkansas; but this does not excuse the production of such evidence. Some one must presumably have been in charge of his business there, and so considerable a quantity of goods could not presumably

have been stolen from his store there, without some one in charge of his business being able to testify to the fact.

II. It remains to consider two assignments of error touching rulings of the court in rejecting evidence. In the deposition of the witness, Jacob Karatofsky, he was being examined as to the discovery, which he made when he opened the trunk, which his son had brought from Ft. Smith to St. Louis, that the goods therein were the goods of the defendant, Joseph Frank. Among other things, he was asked: "What did you do after you observed that these goods were the goods of Mr. Joseph Frank; did you inform Mr. Frank of it?" Objection was made to this question and sustained. The answer to the question which was contained in the deposition, and which the trial court thus refused to consider, was: "I went to inform Mr. Frank, and, at the same time, he took the goods out." We do not see the materiality of this answer. We cannot imagine any ground on which it tends to prove that Mr. Frank was the owner of the goods, or on which it tends to corroborate the other statements of the witness.

III. The following questions were also asked the witness, Jacob Karatofsky, and, with their corresponding answers, as given in his deposition, were excluded by the court on objection of the plaintiff:

"Q. Well, did he (Karatofsky's son) have anything else besides these two trunks? A. A box of goods; they were on the other side of the river, in East St. Louis, and the receipt was made to Joseph Frank; he went away and got the goods; he telegraphed to me when he got the goods and the trunks.

"Q. Did you see the goods in that box? A. Yes, sir.

"Q. What kind of goods were they? A. Clothing goods.

"Q. State whether you recognized the clothing or not? A. Yes, sir.

"*Q.* What was the clothing; where did it come from? *A.* From the same place (Jos. Frank's store).

"*Q.* Well, was this clothing you had yourself purchased while you were keeping store? *A.* Yes, sir, before my assignment."

It is perceived that the fact, sought to be proved by this evidence, was that the witness' son, Isaac Karatofsky, had stolen *another* trunk of goods from the store of the defendant, Frank, at Ft. Smith, which he had left on the other side of the river, at East St. Louis. If this evidence had been admitted, I should not be prepared to say that prejudicial error against the plaintiff had been committed. But the court is not able to see that prejudicial error was committed in excluding it. It did not speak directly with reference to the main fact in controversy, whether the zinc trunk and its contents, which were the subject of this action, were the property of the defendant, Joseph Frank. If, instead of stealing *one* trunk of goods from the defendant's store, at Ft. Smith, Isaac Karatofsky stole *two* trunks, it should seem that it would have become still easier for the defendant to have produced direct evidence of the loss of such a quantity of goods from his store. We do not see on what ground this evidence can be regarded as corroborative of the other evidence given by Jacob Karatofsky. There are cases, where the question of *intent* or *motive* is involved in which it is permitted to show that the party whose intent or motive is the subject of the inquiry has done *other acts* of the same nature as that which is the subject of the investigation. Thus, on the trial of an indictment for uttering counterfeit money, evidence of the defendant having, within a recent period, uttered other counterfeit notes of the same description has been admitted as bearing upon the question of his knowledge of the notes being counterfeit. But this principle seems to have no bearing in the present case, since evidence that Isaac

Karatofsky had brought to East St. Louis another trunk of goods, taken from the store of the defendant, at Ft. Smith, would have no tendency to show that these goods had been so taken.

On the whole, we see no error which warrants us in disturbing the judgment. It is, accordingly, affirmed. All the judges concur.