## FARMERS' BANK OF POLO v. W. O. BARBEE et al., Appellants.

### Division Two, July 3, 1906.

1. **FINDING OF FACTS: After Judgment: Ejectment.** The finding of facts made after judgment in ejectment does not constitute a part of the record, and is not before the appellate court for review on appeal.

2. **EJECTMENT: Admissions of One in Possession: Explanatory: Limitations: Title.** The declarations or admissions of one in possession of property, explanatory of his possession, as that he holds it in his own right, or as the tenant or trustee of another, or as tending to show that his possession was adverse to other parties joined with him as defendants, are admissible on the part of the plaintiff in ejectment, as explanatory of his possession. And in this case it is held that the statement made by one defendant in the absence of the others, that they had delivered a deed to him for the land in suit, was competent as against them, not to show title, but to establish adverse possession in the defendant making the statement.

3. **LAW CASE: Theory of Trial: No Instructions.** Where no declarations of law were asked by appellants or given by the court of its own motion in a law case, the presumption will be indulged on appeal that the judgment was based on that theory which authorized it.

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*J. M. Davis & Sons* for appellants.

(1) Statements of W. O. Barbee, made in the absence of W. L. and Martha J. Barbee, that they had delivered to him a deed to the premises in controversy, were hearsay, and inadmissible in favor of plaintiff, who is privity in estate with W. O. Barbee. Turner

v. Belden, 9 Mo. 797; Watson v. Bissell, 27 Mo. 220; Darrett v. Donnelly, 38 Mo. 492; Morey v. Staley, 54 Mo. 421; Railroad v. Clark, 68 Mo. 374; Railroad v. View, 156 Mo. 618; Diel v. Stegner, 56 Mo. App. 539; State ex rel. v. Croschke, 16 Mo. App. 557; Dodge v. Freedman's S. & T. Co., 93 U. S. 383; Gilbert v. Odom, 69 Tex. 670; Osgood v. Coates, 83 Mass. 77; Morrill v. Titcomb, 90 Mass. 100; Sangutuck Con. Ass'n v. School District, 53 Conn. 478. These self-serving statements are the only evidence in this record of the delivery of the deed to W. O. Barbee and upon them is based the finding of the court, "that in July, 1894, W. L. and Martha J. Barbee delivered to W. O. Barbee a deed for said premises." (2) The evidence conclusively shows that in 1885, W. L. Barbee was the owner of this land, that W. O. Barbee then became a tenant thereof by sufferance. This relation continued, as defendant's evidence shows, until the day of trial. W. O. Barbee's possession was in its inception friendly and permissive. This is also the presumption of law. Meier v. Meier, 105 Mo. 431. The burden of proof was on plaintiff to show that it became and was adverse and hostile, when it became so, that W. O. Barbee gave actual notice of such adverse claim, and that thereafter and before the institution of this action such adverse and hostile possession had continued for ten consecutive years before the same had ripened into a title. Wilson v. Lersche, 90 Mo. 477; Wilkerson v. Thompson, 82 Mo. 316; Estes v. Long, 71 Mo. 609; Stevenson v. Black, 168 Mo. 561; Handlan v. McManus, 100 Mo. 124; Pitzman v. Boyce, 111 Mo. 392. (3) Any acts of W. O. Barbee consistent with the rights which he had to the premises as tenant by sufferance of his father, did not start the running of the Statute of Limitations. Downing v. Dinwiddie, 132 Mo. 99. The payment of taxes was not sufficient to show adverse possession. Chapman v. Templeton, 53 Mo. 463; Cashman v. Cashman, 123 Mo. 647.

*J. E. Ball* and *M. M. Bogie* for respondent; *W. E. Fowler* of counsel.

(1) This court will assume that the rulings of the trial court were correct, until the contrary be made to appear; and, when it tries a case like this, sitting as a jury, the appellate court will not weigh the evidence and determine whether the finding of the trial court was correct on the evidence. Minton v. Steele, 125 Mo. 190; Fohy v. Gordon, 133 Mo. 426; De Lassus v. Faherty, 164 Mo. 361. No declarations of law were asked by either party nor were any made by the court. Nor were any exceptions saved to the admission of evidence during the trial. As was said by Philips, C., speaking for the court in Miller v. Breneke, 83 Mo. 163: "It is, therefore, manifest that there are no errors presented in this record for this court to review." Weilandy v. Lemuel, 47 Mo. 322; Altum v. Arnold, 27 Mo. 264; Conran v. Sellew, 28 Mo. 320; Wilson v. Railroad, 46 Mo. 36; Harrison v. Bartlett, 51 Mo. 170; Cunningham v. Snow, 82 Mo. 587; Clark v. Railroad, 127 Mo. 255. (2) W. O. Barbee, being in possession of the land in controversy at the time he made the statements in regard to the ownership of the land and the deed thereto, his statements were competent. Crawford v. Ahrnes, 103 Mo. 94; Railroad v. Clark, 68 Mo. 374; Martin v. Bonsack, 61 Mo. 556; Burgert v. Berchert, 59 Mo. 80; Dunlap v. Griffith, 146 Mo. 294. They were admissible for the reason that they were statements of the defendant, W. O. Barbee, a party to the proceeding; and because it is well settled that statements by a party in possession of property are admissible to prove the nature of the possession and whether he holds it as owner, tenant, or otherwise. Foster v. Nowlin, 4 Mo. 18; Turner v. Beldin, 9 Mo. 533; State to use v. Schneider, 35 Mo. 533; Burgert v. Berchert, 59 Mo. 80; Thomas v. Wheeler, 47 Mo. 363.

BURGESS, P. J.—This is an action of ejectment for the possession of an eighty-acre tract of land in Ray county. The petition is in the usual form, and the answer is a general denial.

The trial was by the court, a jury being waived. No declarations of law were asked or given. The court rendered judgment in favor of plaintiff, and against all of the defendants, for the possession of the land sued for, and for one cent damages.

Within four days after judgment defendants filed motion for a new trial, assigning as grounds therefor the following:

"1. The judgment of the court is against the weight of the evidence.

"2. The court erred in admitting illegal and incompetent testimony on the part of plaintiff.

"3. The court erred in excluding legal and competent evidence offered on part of defendants.

"4. The judgment of the court is against the law and the evidence.

"5. He gave erroneous declarations in the cause."

The said motion was overruled, and defendants appeal.

After the judgment was rendered, but upon the same day, the court, at the request of defendants, made a finding of facts, as follows:

"That about the year 1885, W. L. Barbee, father of W. O. Barbee, purchased the premises in controversy, taking the title thereto in his own name. That soon thereafter he placed the defendant, W. O. Barbee, on said premises. That in the year 1889, by directions of said W. L. Barbee, the assessor of Ray county, Missouri, assessed said premises to the defendant, W. O. Barbee, and that said premises since that date have been assessed to and the taxes thereon paid by said W. O. Barbee. That said W. O. Barbee, from 1889,

claimed to be the owner of said premises; that knowledge of said claim was general in that community and that knowledge of said claim was at divers times brought home to the defendants, W. L. Barbee and Martha J. Barbee. That said W. O. Barbee, in 1894, and prior thereto, made lasting and valuable improvements on said premises and exercised all the rights incident to the ownership of said premises, and has continued to do so since, of all of which the defendants had knowledge. And that before the institution of this suit said W. O. Barbee's title had become absolute by adverse possession as against the defendants, W. L. Barbee and Martha J. Barbee.

"The court further finds that in July, 1894, the defendants, W. L. Barbee and Martha J. Barbee, made, executed and delivered to defendant, W. O. Barbee, a general warranty deed for said premises and that said deed has never been filed for record."

To this finding of facts the defendants excepted. The exceptions were overruled, but defendants did not except to the action of the court in overruling their said exceptions, nor do they make any point thereon in the motion for a new trial. Moreover, the finding of facts was made *after* judgment was rendered, and does not, therefore, constitute a part of the record, and is not before us for review. [Hamilton v. Armstrong, 120 Mo. 597; Loewen v. Forsee, 137 Mo. 29.]

Plaintiff, over the objection of defendants W. L. and Martha J. Barbee was permitted to introduce in evidence statements of the defendant W. O. Barbee, made in the absence of his co-defendants, the said W. L. and Martha J. Barbee, that they had delivered to him a deed to the premises in controversy. The objection to this testimony was upon the ground that it was mere hearsay, and inadmissible in favor of plaintiff, who is privy in estate with the defendant W. O. Barbee.

It is well settled that the declarations of a person in possession of property are not admissible as evidence in his favor, or of those claiming under him, to show title in him. [Turner v. Belden, 9 Mo. 797; Watson v. Bissell, 27 Mo. 220; Darrett v. Donnelly, 38 Mo. 492; Morey v. Staley, 54 Mo. 421; Railroad v. Clark, 68 Mo. 371; Railroad v. View, 156 Mo. 608.] But it is equally well settled that the declarations or admissions of one in possession of property explanatory of his possession, as that he holds it in his own right, or as tenant or trustee of another, are admissible in evidence, because explanatory of his possession. [Darrett v. Donnelly, supra; Railroad v. View, supra.] It is clear from these authorities that the statements of W. O. Barbee, under consideration, were inadmissible against his co-defendants for the purpose of showing *title* in himself. They were, however, admissible as tending to show that his possession was adverse under the Statute of Limitations; and the judgment should not be reversed upon the ground of their admission.

In Martin v. Bonsack, 61 Mo. l. c. 559, it is said: "The tendency of recent adjudications is to admit explanations of a possessor of property as to his title, not with a view to set up such title, but to show whether his possession was adverse under the Statute of Limitations, or otherwise. All the evidence in the case tended to show that Mrs. Lee's possession was hostile to all the world, and not as dowress or tenant for life. This question was left to the jury by the instructions, and they found for plaintiffs."

That case was cited with approval and quoted from in Mississippi County v. Vowels, 101 Mo. 225, in which it was also expressly ruled that such evidence was admissible. The Statute of Limitations was one of the issues involved in this case, and the judgment of the court may have been, and probably was, bottomed upon the theory that W. O. Barbee's possession was adverse

to all others for more than ten years before the institution of this suit.

No declarations of law having been asked by defendants, or given by the court of its own motion, the judgment will be presumed to be predicated upon that theory of the case which authorizes it. We are not called upon to determine the weight of the evidence.

For the reasons stated the judgment is affirmed.

All concur.