MARY A. MOORE, Respondent, v. GEORGE F.
SHOUP, Appellant.

Kansas City Court of Appeals, January 14, 1907.

1. **FORCIBLE ENTRY AND DETAINER: Evidence: Declarations of Defendant: Character of Possession.** In an action for unlawful detainer the merits of the title can in no wise be inquired into, but the defendant may introduce his declarations to strangers while in possession as indicating the nature of his possession, as to whether it is as owner, tenant, trustee or otherwise.

2. ———: ———: ———: ———. The declarations of a person in possession are not admissible as evidence in his favor to show title in him, but are admissible to show the nature of his possession where that fact is material; then they are part of the *res gestae* and not within the class denominated as hearsay evidence.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

REVERSED AND REMANDED.

*Burnham & Brewster* for appellant.

(1) Declarations of one in possession of property explanatory of his possession, as that he held in his own right or as tenant or trustee, is admissible for that purpose. Railroad v. Clark, 68 Mo. 374; Harper v. Morris, 114 Mo. 325. (2) Declarations by one in possession of real property concerning the nature of his occupancy, are admissible as *res gestae*. Harper v. Morris, 114 Mo. 325. (3) The rule is familiar, that the declarations of a party while in possession of property are admissible as verbal acts and are admitted as explanatory of the nature of that possession. Dunlop v. Griffith, 146 Mo. 294; Burgert v. Borchert, 59 Mo. 87. (4) The tendency of recent adjudications is to admit explanations of the possessor of property as to his title, not with a view to set

up such title, but to show whether his possession was adverse or otherwise.  Martin v. Bonsock, 61 Mo. 556; 1 Greenleaf on Evidence (14 Ed.), sec. 109.

*Peak & Strother* for respondent.

(1)  The defendant was incompetent to testify as to the conversations with Mr. L. R. Moore in his lifetime. R. S. 1899, sec. 4652.  (2)  The title to the property in question could not be inquired into in this action, and therefore any claim of title, or adverse possession made by defendant was wholly immaterial.  R. S. 1899, sec. 3343; Berry v. Fortney, 81 Mo. App. 288; Swope v. Ward, 185 Mo. 326; Roberts v. McEwen, 81 Ill. App. 416. (3) The declarations of defendant as to his claim of title were not made in the presence of plaintiff or her agent, were self-serving statements, and purely hearsay evidence, and wholly inadmissible in this kind of case. Railroad v. View, 156 Mo. 618; Swope v. Ward, 185 Mo. 326.

JOHNSON, J.—Plaintiff sued defendant before a justice of the peace to recover possession of a part of block 25 in Centropolis, Jackson county, which, it was alleged in the complaint filed, was unlawfully detained by defendant.  After alleging ownership of and legal right of possession to the property, plaintiff averred that defendant "willfully and without force unlawfully holds the possession of the same premises after the termination of the time for which they were demised or let to him and after one month's notice in writing given by the complainant requiring him to remove from said premises and to surrender the possession thereof to complainant."  The answer was a plea of "not guilty."  The suit was brought in August, 1903, and was removed by the plaintiff to the circuit court under a writ of certiorari, where it was tried before a jury resulting in a ver-

dict and judgment in favor of plaintiff, from which de-
fendant prosecutes this appeal.

Plaintiff is the widow and devisee of L. R. Moore,
who died some two years before this suit was brought.
She claims, and in this is supported by her evidence,
that defendant entered the land as the tenant of her hus-
band under a verbal letting and continued so to hold it
until the termination of the tenancy by plaintiff; that
under the terms of the agreement defendant was to have
the land "for such length of time as we (plaintiff and
her husband) wanted him to keep it;" "that he (defend-
ant) would take good care of the place and we could
have possession at any time we wanted it;" and that de-
fendant agreed to, and did give, in payment of rental one-
half of the fruits grown upon the place.

Defendant says that he went into possession in Au-
gust, 1890, not as the tenant of Mr. Moore, or of any one
else, but under claim of title; that he built a house on a
contiguous lot in the same block and fenced the whole
block in 1890 and since that date has been continuously
in the possession and enjoyment of the premises, and
that he paid no rent during his occupancy. Defendant in-
troduced a number of witnesses to prove declarations
made by him during the period covered by his possess-
ion to the effect that he was in possession under claim
of title and not as the tenant of any one. Plaintiff ob-
jected to this evidence on the ground that it was inad-
missible for the reason that the declarations were not
claimed to have been made in the presence of plaintiff
or her devisor and the court sustained the objection and
excluded the evidence. The propriety of this ruling is
before us for consideration.

Plaintiff contends that the evidence offered had for
its object the showing of a title in defendant by adverse
possession coupled with a right of possession thereunder
and therefore falls under the ban of Revised Statutes
1899, section 3343, which provides that in actions of

forcible entry and detainer or of unlawful detainer "the merits of the title shall in nowise be inquired into." It is true that in actions of this character neither title nor right of possession is a proper subject of inquiry. [Redman v. Perkins, 122 Mo. App. 164, and cases cited.] But we do not understand that because evidence may have a bearing upon the question of title it, *ipso facto,* becomes incompetent for any purpose in an action such as the one before us. If it possesses any intrinsic value as evidence tending to show the character and nature of the possession in controversy, there certainly can be no logical reason given for excluding it. [Moston v. Stow, 91 Mo. App. 554.] We are not trying here a question of title or of right to possession; the actual possession of defendant is conceded and the case depends upon the solution of a single pivotal issue, i. e., the character and nature of defendant's possession. If we find that the declarations in controversy possess any probative force, evidence of them should have been admitted, because it serves to show the character of defendant's possession, that is, whether the possession was obtained and held by defendant under plaintiff and her devisor or under the hostile claim of right in himself. In the case of Swope v. Ward, 185 Mo. 1. c. 326, the Supreme Court, in dealing with the question of the admissibility of declarations made by the person in possession to third persons, for the purpose of establishing title by adverse possession, observed:

"Mere verbal declarations of a person in possession, made to either third persons or to the owner of the record title, cannot create a conveyance, or elevate the rights of a squatter into a fee simple title. Titles to land are not created by mere verbal declarations. But while this is true, it is likewise true that in all cases where title by limitation—that is, title by operation of law—is relied upon, it is necessary for the person in possession to prove that his possession was under a

claim of right, claim of ownership, claim of appropriation and therefore, was a hostile claim, as it has been indifferently called. This being true, and this being one of the elements to be proven in a claim of title by limitation, the verbal declarations of the person in possession are admissible to show the character of the possession and to show the intention with which the possession was originally taken. Such declarations do not constitute title. They are really evidence tending to prove one of the elements of title necessary to be proved in cases where title by limitation is relied on." And in the recent case of Farmers Bank v. Barbee, 198 Mo. 465, 95 S. W. 225, The Supreme Court held, "that the declarations or admissions of one in possession, as that he holds it in his own right, or as tenant or trustee, are admissible in evidence because explanatory of his possession."

This was in an ejectment suit, but, if it is true, as stated, that such evidence, because it tends to show the character of the possession, is admissible in an action where such character is but one of the elements to be proven in the establishment of a title, a fortiori must it be true that such evidence is competent in a case where the character of the possession is the vital issue.

It is well settled by a line of decisions beginning with Turner v. Belden, 9 Mo. 797, that the declarations of a person in possession of property are not admissible as evidence in his favor to show title in him, but equally as well settled is the rule that such declarations are admissible for the purpose of showing the nature of his possession when that fact is a material issue in the case. They are a part of the res gestae, are verbal acts and therefore are not within the class denominated hearsay evidence. [Railroad v. Clark, 68 Mo. 371; Harper v. Morse, 114 Mo. 317; Dunlap v. Griffith, 146 Mo. 283; Barrett v. Donelly, 38 Mo. 492; Martin v. Bonsack, 61 Mo. 556; Whitaker v. Whitaker, 175 Mo. 1; 1 Greenleaf

on Evidence (14th Ed.), sec. 109; Wigmore on Evidence, secs. 1777, 1778, and cases cited.]

It follows that the learned trial judge erred in excluding the evidence. Other objections to rulings upon the admission of evidence are made, all of which we find devoid of merit.

The judgment is reversed and the cause remanded. All concur.