HIRAM MOSS, Defendant in Error, *v.* THOMAS BOOTH, Plaintiff in Error.

*Depositions.*—The witness may signify his assent to his testimony as written, by subscribing his name as well at one place as at another.

*Depositions—Certificate.*—A justice's certificate at the end of a deposition, that the witness was sworn to testify the truth of his knowledge of the matter in controversy in the cause ; that he was examined and his examination was reduced to writing, and subscribed by him in the presence of the justice, at the time and place in the notice annexed mentioned, complies with the statute. (R. C. 1855, p. 656, § 22.)

*Error to Mercer Circuit Court.*

*E. B. Ewing*, for plaintiff in error.

DRYDEN, Judge, delivered the opinion of the court.

The suppression of the deposition of the witness Hunton Booth, on the motion of the respondent, is the only matter in the record which needs be considered. The motion specified three grounds for the suppression of the deposition : 1st, That the deposition was not signed by the witness. 2d, That it was not properly certified by the justice who took the same. And, 3d, That due notice of the taking of the deposition had not been given the plaintiff. The first ground (the omission to sign) is disproved as well by inspection as by the certificate of the justice taking the deposition. The circumstance that the signature of the witness was below the blank *jurat*, at the foot of the deposition, was of no consequence. The purpose of signing is to signify the assent of the witness to the contents of the deposition ; and this is accomplished as well by placing the signature at one place as at another. As to the second ground of objection, the justice's certificate shows that the witness was sworn to testify the truth of his knowledge of the matter in controversy in the cause ; that he was examined and his examination was reduced to writing, and subscribed by him in the presence of the justice, at the time and place specified in the notice. This was what the law required, and all that it required for the due authentication of the deposition. (R. C. 1855, p. 656, § 22.) As to the deficiency of the notice, there is a notice attached to the deposition which is in the form ordinarily used in practice in this State, and which appears by a sufficient return endorsed on it to have been duly served on the plaintiff, in the county in which the suit was pending and where the deposition was taken six days before the time appointed for the taking of the deposition. The motion points the attention of the court to no special defect in the notice or in the service of it, and none is apparent.

21—VOL. XXXIV.

The motion was improperly sustained, and for this cause the judgment is reversed and the cause remanded for a new trial. The other judges concur.