JOHN THOMAS, Appellant, *v.* CHARLES WHEELER, INTERPLEADER, ETC., Respondent.

1. *Depositions — Certificate to, what sufficient.*—The certificate to a deposition stating that the witness was sworn to testify in the cause, that the deposition was reduced to writing and subscribed by him in the presence of the officer, on the day and between the hours (naming them) mentioned in the notice, is a sufficient compliance with the statute (Wagn. Stat. 526, § 22).

2. *Evidence — Admissions of one in possession of property, explanatory of his possession, when proper.*— The declarations or admissions made by one while in possession of property, explanatory of his possession — as that he holds it in his own right, or as a tenant or trustee of another — are admissible in evidence because they explain the character of the possession, and also as a part of the *res gestæ.*

*Appeal from Livingston Court of Common Pleas.*

*Broaddus, Pollard & Wait,* for appellant.

*J. McFerran,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff, Thomas, having obtained judgment against John Wheeler, garnished Patterson for the purpose of procuring satisfaction of his debt. Charles Wheeler appeared and filed his interpleader, and claimed that the debt of Patterson was due and owing to him, and not to John Wheeler. It appears from the record that John Wheeler sold to Patterson a certain piece of land, and in payment, at the request of the said John Wheeler, Patterson executed his promissory notes to Charles Wheeler to satisfy a pre-existing indebtedness which, it is alleged, John owed to Charles. The issue was whether these notes were not made payable to Charles for the purpose of defrauding the creditors of John, and whether John really owed Charles a valid and subsisting debt. There were two trials in the court below, and in each, by their verdict, the jury found in favor of the interpleader, sanctioning the good faith of the transaction and awarding the notes to him as the rightful and absolute owner.

The record is bungled and confused, and principally taken up with facts which it is not our purpose to review. There are many points of law presented, some of which are not properly saved, and others utterly unworthy of consideration. The main ones, however, which have any bearing on the merits, will be examined.

It is insisted, first, that the court erred in not sustaining the motion of the plaintiff to suppress certain depositions. There is no objection to the notice given, and a commission was regularly sued out. The caption to the deposition states that the witnesses were produced, sworn and examined pursuant to the commission and notice, and at the place designated in the notice. The officer taking the depositions, in his certificate appended to each deposition, certifies to the residence of each witness, that the witness was sworn to testify in the cause, and that the deposition was reduced to writing and subscribed by him in the presence of the

officer on the day and between the hours (naming them) mentioned in the notice. This, I think, was a sufficient compliance with the statute, and I see no error in the ruling of the court. (1 Wagn. Stat. 526, § 22 ; Jolliffe v. Collins, 21 Mo. 338 ; Moss v. Booth, 34 Mo. 316.)

The next objection insisted upon is that the court erred in not striking out certain parts of the depositions. The same objection was made to like testimony adduced on the trial from the witnesses who gave evidence in the cause, and the whole subject may therefore be considered under one head. It seems that Charles Wheeler was the son of John Wheeler, and that he claimed to own and possess certain personal property in his own right. John Wheeler kept the property for some time and then converted it to his own use, and he had the notes from Patterson made payable to Charles in satisfaction of his claim. The evidence objected to, and which the court admitted, was the declarations of John Wheeler whilst in possession of the property, as to the capacity in which he held it, and that it belonged to his son Charles. The declarations or admissions of one in possession of property, explanatory of his possession — as that he holds it in his own right, or as a tenant or trustee of another — are admissible evidence because they explain the character of his possession. (Darrett v. Donnelly, 38 Mo. 492, and cases cited.) The declarations here made, cotemporaneous with the possession and while it continued, were also admissible as part of the *res gestæ*. (Boyden v. Moore, 11 Pick. 363.)

The above are the only points raised which require any particular notice. The whole merits of the case depended upon the facts. The evidence was all submitted to the jury, and they found that the transaction was not in anywise tainted with fraud, and that the notes were justly the property of the interpleader. As usual in these cases, there were about six times as many instructions given as there was any need for. As the issues were plain and simple, two or three instructions would have presented the case much more intelligently before the jury than a dozen. The instructions of the court were sufficiently favorable to the appellant. As a whole, taken together, they presented the ques-

tion of ownership, and also of fraud, with fullness and fairness, and left no reasonable ground for complaint.

The case was fairly tried, and as two juries, after hearing all the evidence, have agreed that the property belonged to the interpleader, it is time that the controversy was ended.

Judgment affirmed. The other judges concur.