SHOWLES v. FREEMAN; BAIRD *et al.*, *Plaintiffs in Error*.

1. **Judgments**: MOTION TO SET ASIDE. Irregular judgments may be set aside on motion filed any time within three years after the term at which such judgment may have been rendered.

2. **Bond, Recovery on**: AMOUNT. In suits on penal bonds with collateral conditions, no recovery can be had in excess of the penalty of the bond.

3. **Practice in Supreme Court**: BILL OF EXCEPTIONS. The record proper, regardless of the bill of exceptions and motion to set aside, shows that the judgment against the sureties on the penal bond is greater than the penalty, which is an error demanding the reversal of such judgment.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*C. O. Tichenor* for appellants.

(1) To the extent, in the manner, under the circumstances pointed out in his obligation, the security is bound, and no further. *Farrar v. Christy,* 24 Mo. 474; *State ex rel. v. Sandusky,* 46 Mo. 377; *Wyman v. Robinson,* 73 Me. 384, and cases cited; *Railroad Co. v. Higfins,* 58 Ill. 133; *Miller v. Stuart,* 9 Wheat. 702; *Sims v. Harris,* 8 B. Mon. 55; *Brown v. Burrows,* 2 Blatch. 340. (2) The court has no power to render judgment against the securities, because plaintiff failed to comply with the order requiring him to give a new bond. 1 R. S., § 3851. (3) The motion by the securities to set aside the judgment, was not made until the next term after it was rendered. It was in time. 1 R. S., § 3727, p. 634; *Atkinson v. Arnick,* 25 Mo. 401; *Branstetter v. Rives,* 34 Mo. 318; *Downing v. Still,* 43 Mo. 309; *McGrew v. Foster,* 66 Mo. 30; *Phillips v. Evans,* 64 Mo. 16; *Smith v. Black,* 51 Md. 247; 34 Md. 40; *The Judd Co. v. Hubbell,* 76 N. Y. 543; *Lucre v. College Street,* 11 R. I. 472; *Foreman v. Carter,* 9 Kas. 674; *Leonard v. Collier,* 53 Ga. 387; *Foard v. Alexander,* 64 N. C. 70; *Hunt v. Yeatman,* 3 Ohio 16; *Reynolds v. Stansbury,* 20 Oh. 352; *Mills v. Dickson,* 6 Rich. L. 487; *Winslow v. Anderson,* 3 Dev. & B. L. 11; *Dedericks v. Richley,* 19 Wend. 112; *Mf'g & M. B'k v. Boyd,* 3 Denio 257; *Franks v. Lockey,* 45 Vt. 399; *Chase v. Wyeth,* 17 N. H. 486. (4) If it is the law, that to sign a replevin bond is to give authority to render a judgment for an unlimited amount; if the penal sum of a bond is not a limit to the jurisdiction of the court which renders judgment in a summary manner without notice, no man will be found rash enough to sign such a bond.

*H. M. Withers* and *R. O. Boggess* for respondent.

The circuit court had jurisdiction of the subject matter of the suit of Showles against Freeman. Const. of Mo., § 22, art. 6 ; 2 Wag. Stat., p. 808, § 3. When the replevin bond was filed in the circuit court, it thereby acquired jurisdiction of the persons of Showles and his securities, and had power to render judgment against them. 2 Wag. Stat., p. 1026, §§ 11, 12, 13 ; *Dilworth v. McKelry*, 30 Mo. 149 ; *White v. Van Houten*, 51 Mo. 577 ; *Boutell v. Warne*, 62 Mo. 350 ; *Stevens v. Tuite*, 104 Mass. 328. This case might have been reversed if properly brought to this court by appeal or writ of error within the time allowed by the statute. *Smith v. Best*, 42 Mo. 185 ; *Wilson v. Boughton*, 50 Mo. 17. This was not done, the record in the case not even being brought to this court. There was no irregularity in the proceeding. *Jones v. Hart*, 60 Mo. 351, and authorities cited. An alleged irregularity will not do. *Powell v. Gott*, 13 Mo. 458 ; *Ex parte Tony*, 11 Mo. 662 ; *Callaway v. Nifong*, 1 Mo. 223. The court having jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction, and an erroneous decision of any of these other questions could not impair the validity and binding force of the judgment when brought in collaterally. *Gray v. Bowles*, 74 Mo. 419 ; *Ghan v. Christianson*, 41 Cal. 253 ; *Ellis v. Jones*, 51 Mo. 180 ; *Freeman v. Thompson*, 53 Mo. 183.

EWING, C.—Jacob Showles commenced a replevin suit in Jackson circuit court against R. Y. Freeman, constable, and the plaintiffs in error were Showles' securities on his replevin bond which was for $35, double the amount sworn to in the affidavit, as required by the statute. § 3, 2 Wag. Stat., p. 1024. The defendant filed a motion asking the court to require the plaintiff to give a new bond, (2 Wag. Stat., 1025, § 8,) upon failure to do which in the time required by the order of the court the case was dismissed. Thereupon

the court assessed the damages and rendered judgment against the sureties for $250 and costs. Wag. Stat., §§ 11, 12. At the next term of the court the sureties, the Bairds, filed their motion as follows:

"Now come F. J. Baird and W. G. Baird and move the court to set aside the judgment heretofore rendered against them because the same is illegal, irregular and void for the following reasons: 1st. The judgment is against them as securities on the bond to defendant and is in the penal sum of $35 while the judgment is for $250 and all costs of suit. 2nd. Judgment was rendered without notice to said securities, or either of them." This motion was overruled by the court, whereupon they sue out their writ of error and bring the case to this court.

I. This motion was filed by authority of § 3727, 1 R. S., 1879, which is to this effect: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered." It has long been the recognized practice of this court that irregular judgments may be set aside on motion filed any time within three years after the term at which such judgment may have been rendered. *Stacker v. Cooper circuit court*, 25 Mo. 401; *Doan v. Holly*, 27 Mo. 256; *Moss v. Booth*, 34 Mo. 316; *Harkness v. Austin*, 36 Mo. 47; *Downing v. Still*, 43 Mo. 309; *Jones v. Hart*, 60 Mo. 351. Such irregularity as may be reached by motion is defined to be " the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. Tidds Prac., 512, 513. The question then arises is there such irregularity in this case as will authorize the judgment to be set aside on motion. Where judgment is rendered by default before the time for pleading has expired, it constitutes such irregularity as will authorize its being set aside.

*Doan v. Holly*, 26 Mo. 186; *Branstetter v. Rives*, 34 Mo. 318; *Brackett v. Brackett*, 61 Mo. 221. In the last cited case Judge Wagner said: "If the court, by inadvertence or mistake, made a miscalculation in computing the amount, that would not be one of the irregularities contemplated by the statute." That was a case of attachment and the petition contained three counts; the first upon a promissory note and the others for money loaned. Judgment was rendered before the time for pleading to the two counts for money loaned had expired, and it was insisted, therefore, that it was irregular; but the judgment states that "the court finds from the pleadings and evidence that the defendant is justly indebted to the plaintiff in the sum, etc., * * the same being founded on a note for the direct payment of money." The court held that, although the judgment appeared to be for an amount greater than the note, yet that was a matter of calculation for the trial court, and did not come within the irregularities contemplated by the statute. But in the case at bar the judgment could require no calculation. It could not exceed the amount of the bond. The court could, under no circumstances, render judgment against the sureties for any sum in excess of the bond itself. It was bound not to exceed the penalty in the bond. The general principle is that in suits on penal bonds with collateral conditions no recovery can be had in excess of the penalty of the bond. *State ex rel. Moore v. Sandusky*, 46 Mo. 377; *Farrar v. United States*, 5 Peters 373; *Farrar v. Christy*, 24 Mo. 474; Sedg. on Dam., 426.

II. But, disregarding the motion and bill of exceptions, the whole record proper of this replevin suit is before this court on writ of error. From an inspection of that record it is apparent that the circuit court committed error by rendering judgment against sureties in a penal bond with collateral conditions for an amount greater than the penalty.

This is such error on the face of the record itself, as

will authorize this court to reverse the judgment of the circuit court and remand the case for correction, and which is accordingly ordered. All concur.