## BAUM et al., Appellants, v. FRYREAR.

85 151
32a 356
32a 426

85 151
121 41
123 236

85 151
150 341
76a 293

1. **Practice in Supreme Court:** WEIGHT OF EVIDENCE. The Supreme Court will not weigh the evidence and disturb the verdict of a jury, or a court sitting as a jury, unless there is no evidence at all upon which to base it.

2. **Practice:** DEMURRER. Where there is any evidence at all to sustain an issue, a demurrer to the evidence should not be sustained.

3. **Partnership:** DEBT: RELEASE: EVIDENCE. In an action against a member of a dissolved partnership for a debt of the partnership, where the defence is a release of the defendant by the creditor, and the acceptance of the new partnership as the debtor, pleadings and papers in an action of attachment against the new partnership by the creditor for his debt are admissible to show the intention to release.

4. **Practice:** INSTRUCTIONS. It is not error to refuse an instruction embodied in one given.

*Appeal from Johnson Circuit Court.*—Hon. N. M. Givan, Judge.

Affirmed.

*J. J. Cockrell* and *W. W. Wood* for appellant.

(1) The court erred in admitting in evidence the record in the case of *Baum & Company v. Reeves Brothers.* The rule is well settled that when a partnership is dissolved and a new partnership formed, the debts of the old firm may, by consent of all parties—the creditors, the old firm and the new—be transferred to the new firm and the old firm discharged. *Appleton v. Kennon,* 19 Mo. 637; *Patterson v. Camden,* 25 Mo. 13; *Powell v. Charless,* 34 Mo. 485; *Spaunhorst v. Link,* 46 Mo. 197; *Leabo v. Goode,* 67 Mo. 126. But it is also well settled that the simple acceptance, by the creditor, of the new firm for the debt, will not operate to release the old firm. To extinguish the obligation of the old firm it must appear that the subsequent obligation was by agreement accepted in lieu thereof, otherwise the second obligation will be regarded only as collateral, and additional to the first. *Briscoe v. Callahan,* 77 Mo. 134; *Powell v. Charless, supra; Leabo v. Goode, supra; Spaunhorst v. Link, supra; Cockrill v. Johnson,* 28 Ark. 193; *Smith v. Brown,* 28 La. Ann. 299; *Choppin v. Gobbold,* 13 La. Ann. 338; *Guils v. Osceola,* 14 La. Ann. 54; *Carriere v. Labiche,* 14 La. Ann. 211. The record in the case of *Baum & Company v. Reeves Brothers,* if even the plaintiffs had known that Reeves & Company and Reeves Brothers were different firms, would have no tendency to prove anything more than that plaintiffs had accepted Reeves Brothers as additional security, and would have no tendency to prove an agreement to accept them in lieu of Reeves & Company. If the deed of trust from the Reeves to Wood was introduced for the pur-

pose of proving that the Reeves had agreed to assume the indebtedness from Reeves & Company to plaintiffs, it was, perhaps, admissible for that purpose, but it did not tend, in any manner, to prove that plaintiffs had agreed to accept them in lieu of Reeves & Company. (2) The court erred in refusing the second, fourth and fifth instructions asked by plaintiffs.

*O. L. Houts* for respondent.

(1) The court did not err in refusing instructions numbered two, four, and five, asked by appellants. Numbers one and three, given for appellants, covered the whole case. (2) There was evidence to support the finding of the court. "Very slight evidence is required to show that plaintiffs accepted the liability of the new firm instead of the old." *Register v. Dodge,* 6 Federal Rep. 6. Plaintiffs, under their writ of attachment, levied upon sufficient personal property of Reeves Brothers to pay their debt and costs, and the release of this attachment will operate as an extinguishment of the debt as to defendant. *Blair v. Caldwell,* 3 Mo. 315; *State ex rel. Colvin v. Six,* 80 Mo. 61; *Rice v. Morton,* 19 Mo. 263; *Lower v. Buchanan Bank,* 78 Mo. 67.

EWING, C.—This was a suit to recover on an account for merchandise sold to Reeves & Company, of which firm the defendant was a partner. The answer admitted the purchase of the goods by Reeves & Company, and admitted the indebtedness, but pleaded in defence that defendant, Fryrear, had sold his interest in Reeves & Company (which was composed of Reuben Reeves and C. Fryrear), to Frank Reeves; that Reeves and Brother assumed the payment of the plaintiffs' debt, with others of the old firm, and continued the business under the name of Reeves Brothers. That plaintiffs released defendant from all liability and accepted Reeves Brothers as their debtor. By consent, the case was tried by the

court without a jury, and upon hearing the evidence it. found for the defendant.

I.   The court, then, being the trier of the facts, and having found for the defendant, we cannot disturb the finding, unless there was no evidence at all upon which to base it.   This court will not weigh the evidence and undertake to say the finding is not sustained by the weight of the evidence.   If there is any evidence tending to prove the issues, the finding must be left to the court trying the case, or the jury.   The evidence tended to prove that Reeves & Company dissolved partnership, by Fryrear, one of its members, selling out to Frank Reeves; that the new firm assumed the payment of plaintiffs' debt.   Then there was written and oral testimony offered on both sides for the purpose of showing that plaintiffs released the old firm and accepted the new.   From all the circumstances, we think the evidence was properly admitted, and which might be considered in making up the verdict.   The court, upon all the evidence and circumstances, found for the defendant, and that finding we cannot disturb.

II.   The next and only remaining question is as to the instructions.   The plaintiff asked the following instructions:

"1.   Although the court, sitting as a jury, may believe from the evidence that the plaintiffs, in consideration of the sum of one hundred and four and eighty one hundredths dollars, released Reuben Reeves from any liability on the indebtedness of Reeves & Company to the plaintiffs, yet such release did not of itself operate as a release of defendant's liability on such indebtedness."

"2.   It devolves upon the defendant to prove affirmatively that the plaintiffs agreed either with the defendant, or with Reeves Brothers, to release the defendant from any liability on account of the indebtedness of Reeves & Company to the plaintiffs, and to accept Reeves Brothers for the same."

"3. The court declares the law to be that it devolves upon the defendant to establish affirmatively by the evidence the defences set up in his answer, and unless defendant has so established said defence, the finding of the court will be for plaintiffs."

"4. If the court believes from the evidence that plaintiffs had actual knowledge of the sale of the interest of defendant to Frank Reeves, and brought their action in attachment against Reeves Brothers without such knowledge, then their action in said suit, and the pleadings and papers therein, cannot be received as evidence of any intention to release defendant from his liability to them unless it is further shown from the evidence that plaintiffs accepted a part of the money derived from a sale under the deed of trust in favor of W. W. Wood, trustee, knowing the source from which said money came."

"5. The court declares that defendant has introduced no evidence to support the allegations of the answer."

The first and third were given, and the others refused. The fifth, being in the nature of a demurrer to the evidence, was properly overruled, as we hold that there was evidence sufficient to go to the jury. The fourth, we also think, was properly refused. The evidence referred to by that instruction was, we think, competent and proper to go to the jury, and upon which the instruction is based. It was not error to refuse the second instruction, because it is fully covered by the third. The defence set up in the answer was to the effect that the plaintiffs released the defendant from liability, and accepted Reeves Brothers in his stead, so that if the defendant established the defences in the answer, it was sufficient.

The judgment below is affirmed. All concur, except Henry, C. J., absent.