STATE *ex rel.* ROBERTSON, v. HOPE *et al., Appellants.*

Division Two, March 13, 1894.

1. **Conversion**: INTEREST: STATUTE. Under Revised Statutes, 1889, section 4430, which provide that on the trial of an inquisition of damages the jury may, "if they shall think fit," give damages in the nature of interest above the value of the goods at the time of the conversion, the allowance of such interest is in the discretion of the jury.

2. ——: ——: ——: INSTRUCTION. A peremptory instruction to the jury, in such case to allow interest on the value of the property taken is erroneous.

3. ——: WEIGHT OF EVIDENCE: APPELLATE PRACTICE. Where, in such action for conversion the evidence is conflicting and the instructions cover the whole case the verdict will not be disturbed by the supreme court on the ground that it is against the weight of the evidence.

4. **Appellate Practice**: REMITTITUR. Where the verdict is excessive because of the allowance of interest and the amount of the latter appears from the evidence the judgment will not be reversed, but a *remittitur* will be allowed.

*Appeal from Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*Gage, Ladd & Small* for appellants.

(1) The question of interest should have been left to the jury under Revised Statutes, 1889, section 4430, authorizing allowance of interest, if the jury shall think fit to allow it. · See *Higgins v. Sargent,* 2 B. & C. 384. Interest is the creature of the statute, and in no case not provided for by statute can it be recovered. *Pekin v. Reynolds,* 31 Ill. 529; *Chicago v. Allcock,* 86 Ill. 384; *Railroad v. Conway,* 8 Col. 1; *State, etc., v.*

*Harrington,* 44 Mo. App. 301; *Randall v. Greenhood,* 3 Mont. 506; *Supervisors v. Klein,* 51 Miss. 808; *Lincoln v. Claflin,* 7 Wall. 132; *The Scotland,* 118 U. S. 507; *The Alaska,* 44 Fed. Rep. 498; *Railroad v. Balthaser,* 126 Pa. St. 1. The matter became a subject of statutory enactment in England in 1833. 3 and 4 William IV. ch. 42, sec. 29. The earliest legislation on the subject in Missouri appears in 1845. Revised Statutes, 1845, p. 834. Under section 4430, Revised Statutes, 1889, the jury in their discretion were to allow interest. See 18 Eq. Cases, L. R. 154; *Uhe v. Railroad,* 54 N. W. Rep. 601. (2) The error in the instruction as to interest can not be cured by a *remittitur.* *Schilling v. Speck,* 26 Mo. 487; *Railroad v. Estill,* 147 U. S. 592. (3) The damages were excessive. There is no legal evidence of value except that introduced by the defendants. Were it not for that, there would be a "failure of proof." *Allen v. Kennedy,* 91 Mo. 324; *Rose v. Taunton,* 119 Mass. 99; *Archer v. Schaeper,* 25 Mo. App. 1; *Schnaider v. Niederweiser,* 28 Mo. App. 233. "Damages adjudged must be supported by legal evidence. If they are not thus supported, they can not stand." *Blackwell v. Adams,* 28 Mo. App. 63. (4) The verdict is against the evidence and the instructions of the court, and for that reason the judgment ought to be reversed.

*Karnes & Krauthoff* for respondent.

(1) Plaintiff was entitled to interest. *Polk v. Allen,* 19 Mo. 467; *Walker v. Borland,* 21 Mo. 289; *Woodburn v. Cogdal,* 39 Mo. 222; *Miller v. Whitson,* 40 Mo. 97; *Spencer v. Evans,* 57 Mo. 427; *Charles v. Railroad,* 58 Mo. 458; *Watson v. Harmon,* 85 Mo. 443; *Stevens v. Springer,* 27 Mo. App. 375. (2) It is not the law of this state that interest can be allowed only

when specially provided by statute. *Gray v. Packet Co.*, 64 Mo. 47; *Dunn v. Railroad,* 68 Mo. 268; *Arthur v. Wheeler*, 12 Mo. App. 335; *McBeth v. Craddock*, 28 Mo. App. 380; *Webster v. Railroad*, 22 S. W. Rep. 474; Sedgwick on Damages [8 Ed.], sec. 316; *Wilson v. Troy*, 135 N. Y. 96. It is where the defendant receives no pecuniary benefit by the wrong that interest is not allowable. *Kenney v. Railroad*, 63 Mo. 99; *Marshall v. Schneaker*, 63 Mo. 308; *Railroad v. Estill,* 147 U. S. 591; *Arpin v. Burch*, 68 Wis. 619; *Robinson v. Barnes*, 48 Me. 190. (3) The plaintiff is entitled to remit the interest in this court. *Warder v. Henry*, 23 S. W. Rep. 776; *McCullough v. Ins. Co.*, 113 Mo. 606; *Furnish v. Railroad*, 102 Mo. 438; *Keen v. Schnedler,* 92 Mo. 516; *Smith v. Railroad*, 92 Mo. 359; *Kimes v. Railroad*, 85 Mo. 611; *Clark v. Bullock*, 65 Mo. 535; *Miller v. Hardin*, 64 Mo. 545; *Western v. Kribben*, 48 Mo. 37; *Railroad v. Estill*, 147 U. S. 591; *Anchor Milling Co. v. Walsh*, 24 Mo. App. 97; *Lower v. Harris*, 57 Fed. Rep. 368; *Bank v. Ashley*, 2 Pet. 327; *Railroad v. Harmon's Adm'r*, 147 U. S. 571. (4) This case has been in court eleven years; has been tried three times in the circuit court in three separate counties, and is now here on the third appeal. The merits of the controversy have been settled, and a reversal now ought not to be allowed, unless positive error has been committed. (5) Where as in this case the evidence tends to establish the issues the court will not pass on its sufficiency. *Moore v. Railroad*, 73 Mo. 438; *Grove v. Kansas City*, 75 Mo. 672; *Fulkerson v. Mitchell*, 82 Mo. 13; *Baum v. Fryrear*, 85 Mo. 154; *Bank v. York*, 89 Mo. 369; *State v. Hert*; 89 Mo. 590; *Caruth v. Richeson*, 96 Mo. 186; *City of St. Louis v. Lanigan*, 97 Mo. 175; *Harrison Wire Co. v. Hall*, 97 Mo. 289; *Krider v. Milner*, 99 Mo. 145; *Gutridge v. Railroad*, 105 Mo. 525; *Pitts v. Sheriff*, 108 Mo. 108; *Blanton v.*

*Dold*, 109 Mo. 64; *State v. Turner*, 110 Mo. 196; *Godman v. Simmons*, 113 Mo. 122; *Johnson v. Barnes*, 23 Mo. App. 546; *Costigan v. Co.*, 38 Mo. 219; *Leesey v. Boekhoff*, 38 Mo. App. 445.

BURGESS, J.—This is a suit in the name of the state at the relation of John M. Robertson, against the defendant Hope and his sureties, on his official bond as sheriff of Jackson county, Missouri. The case has been twice before this court, and will be found reported in 88 Mo. 430, and 102 Mo. 410, wherein a full and complete statement of all the facts may be found up to and including the second trial. On the first trial had in Jackson county, there was a verdict for the defendants. On the second trial, which was before a jury, in Ray county, there was a verdict for plaintiff for $17.430.20. On a third trial, had before a jury, in Saline county, plaintiff recovered a verdict and judgment for the sum of $27,861.21, and defendants appealed.

There was no material change in the facts as disclosed from the evidence from the time of the first trial to the last, while in so far as the questions at issue had been passed upon in the two opinions delivered, the last trial was in compliance therewith. Defendants assail plaintiff's first instruction, which is as follows:

"1. If the jury believe from the evidence that Sam Schneider was indebted to said J. M. Robertson in the amount of the several notes read in evidence, and that for the purpose of paying said notes, on July 12, 1882, he conveyed to said Robertson the stock of liquors, cigars, fixtures, etc., in the store of said Schneider, at number 407 Delaware street, and delivered him possession thereof, and that the said property so conveyed was no more than was reasonably necessary to pay said notes, then the said property became the property

of said Robertson. And if you believe that after-wards, the defendant Hope, as sheriff of Jackson county, under and by virtue of said writs of attachment against said Schneider, levied upon and took said property or any part thereof, then you will find in this action for the plaintiff, and assess his damages at the value of the property so taken, together with interest at the rate of six per cent. per annum from the twenty-seventh day of July, 1882, the date of the bringing this suit.''

The objection urged against the instruction is that the question of interest should have been left to the discretion of the jury, instead of being told that if they found for plaintiff, they would assess his damages at the value of the property taken, together with interest at the rate of six per cent. per annum from the twenty-seventh day of July, 1882, the date of bringing this suit.

Aside from statutory enactment authorizing it, there are many authorities which hold that upon a recovery by plaintiff in actions for the conversion of chattels, interest on their value should be allowed from the time they are taken. *Arpin v. Burch*, 68 Wis. 619; *Hamer v. Hathaway*, 33 Cal. 117; *McCormick v. Railroad*, 49 N. Y. 303; *Buford v. Fannen*, 1 Bay (S. C.) 273; 1 Sutherland on Damages [2 Ed.], sec. 105. In *Conard v. Insurance Co.*, 6 Pet. 262, the court approves the charge of the trial judge, which was as follows: ''The general rule of damage is the value of the property taken, with interest from the time of the taking down to the trial. This is generally considered as the extent of the damages sustained, and this is deemed legal compensation, which refers solely to the injury done to the property taken, and not to any col-lateral or consequential damages, resulting to the owner by the trespass.'' The rule thus announced has

been followed by this court, as will appear from the following adjudications: *Polk's Adm'r v. Allen*, 19 Mo. 467; *Walker v. Borland*, 21 Mo. 289; *Carter v. Feland*, 17 Mo. 383; *Spencer v. Vance*, 57 Mo. 427; *Charles v. Railroad*, 58 Mo. 458.

In *Wilson v. City of Troy*, 135 N. Y. 96, the court says: "When interest may be allowed as part of the damages, in actions. of this character, is a question which, in the present state of the law, is involved in much confusion and uncertainty, and in regard to which the decisions of the courts are not harmonious. It is, perhaps, impossible to formulate a general rule embracing every possible case. The tendency of courts in modern times has been to extend the right to recover interest on damages far beyond the limits within which that right was originally confined. What seemed to be the demands of justice did not permit the principle to remain stationary, and hence it has been for years in a state of constant evolution. This, in some measure, accounts for many of the apparently contradictory views to be found in the adjudged cases." And, after adverting to the law in England, the court further said: "The principle that the right to interest in such cases was in the discretion of the jury was, however, gradually abandoned, and now the rule is, that the plaintiff is entitled to interest on the value of property converted or lost to the owner by a trespass as matter of law. The reason given for the rule is that interest is as necessary a part of a complete indemnity to the owner of the property as the value itself, and in fixing the damages, is not any more in the discretion of the jury than the value. * * * There is a class of actions sounding in tort in which interest is not allowable at all, such as assault and battery, slander, libel, seduction, false imprisonment, etc. There is another class in which the law gives interest on the loss as

part of the damages, such as trover, trespass, replevin, etc. And still a third class, in which interest can not be recovered as of right, but may be allowed in the discretion of the jury, according to the circumstances of the case.''

While the case last cited was for damages occasioned by falling into an open excavation, the question now under consideration was also discussed with much learning and ability.

Section 4430, Revised Statutes, 1889, is as follows: ''The jury, on the trial of any issue, or on any inquisition of damages, may, if they shall think fit, give damages, in the nature of interest, over and above the value of the goods at the time of the conversion or seizure.''

This statute has been substantially the same since 1845, when it seems to have first been enacted, yet it was never adverted to in any of the decisions, of this court, heretofore cited, nor has the question now under consideration ever, at any time, been passed upon by this court. That its purpose was to fix some definite manner by which it may be determined whether or not interest, over and above the value of the goods taken in actions for seizure and conversion, should be determined, seems clear. By its terms it provides that the jury may, if they shall think fit, give damages, in the nature of interest, leaving it entirely in their discretion to do so or not, as they may think their duty demands, under the facts and circumstances in proof; yet the instruction deprives them of any discretion in regard to the matter and tells them that if they find for plaintiff they will assess his damages at the value of the property taken with interest at the rate of six per cent. per annum from the time of bringing this suit.

Whatever the rule may have been in the absence of any statutory enactment, there is now no room for

doubt.   Language could not be plainer.   The manifest intention of the legislature by this statute was, that in this class of cases the question of interest as damages should be for the jury and not for the court.   This instruction ought not to have been given.

Another contention is that the verdict is against the evidence and the instructions of the court, and for that reason the judgment ought to be reversed.   No instruction asked by defendants was refused, and those given at their instance presented their theory of the case in clear, strong and terse language.   There is not an entire failure in the evidence in support of the verdict.   It was conflicting and two different juries, in as many different counties, seem to have given more weight to the evidence on the part of plaintiff, than to that on the part of the defendants.   The uniform rule of this court is that when there is conflicting and contradictory evidence tending to prove both sides, not to disturb the finding of the trial court, unless it is brought about by some error or misdirection of the court, and nothing of that kind is apparent in this case.   The instructions covered the whole case, and under such circumstances this court would not be justified in reversing it, and especially in the absence of fraud, corruption, prejudice, passion or misconduct on the part of the jury.   *Moore v. Railroad*, 73 Mo. 438; *Grove v. Kansas City*, 75 Mo. 672; *Fulkerson v. Mitchell*, 82 Mo. 13; *Baum v. Fryrear*, 85 Mo. 151; *Bank v. York*, 89 Mo. 369; *State v. Hert*, 89 Mo. 590; *Caruth v. Richeson*, 96 Mo. 186; *St. Louis v. Lanigan*, 97 Mo. 175; *Wire Co. v. Hardware Co.*, 97 Mo. 289; *Krider v. Milner*, 99 Mo. 145; *Gutridge v. Railroad*, 105 Mo. 520; *Pitts v. Sheriff*, 108 Mo. 110; *Godman v. Simmons*, 113 Mo. 122.   The jury met the witnesses face to face, saw their demeanor on the witness stand, thus being afforded an opportunity to determine of their cred-

ibility and of judging of the reasonableness or unreasonableness of their testimony which this court does not have, and for this reason much is conceded in favor of the correctness and fairness of their verdict.

The verdict of the jury is excessive and was evidently occasioned by plaintiff's first instruction directing them to allow interest at six per cent. on the value of the goods at the time of the seizure, or commencement of the suit, but as plaintiff offers to remit the excess and as it is easy of ascertainment, being a mere matter of calculation, we do not think the judgment should be reversed upon that ground alone. The evidence showed that the amount of the invoice taken by the plaintiff when the goods were turned over to him, was $17,437.26. This suit was instituted July 27, 1882, and the trial was had on June 24, 1893, so that the time from bringing the suit to the day of trial was nine years, ten months, and twenty-seven days, and interest at six per cent. on said sum for said time, including the principal, will amount to $27,861.21, which is within a very few cents of the amount rendered by the verdict of the jury. It is, therefore, manifest that the interest allowed in the verdict was $10,387.85, and an entry of a *remittitur* in this court by plaintiff of the sum of $10,387.85, on the authority of *Miller v. Hardin*, 64 Mo. 545; *Clark v. Bullock*, 65 Mo. 535, is to that extent an admission that the judgment is excessive. The judgment of the circuit court is affirmed for the sum of $17,473.26 and plaintiff is required to pay all costs of this appeal, which are adjudged by this court against him. All of this division concur.