ROBERT J. WHEELER, Respondent, v. R. L. McDONALD & COMPANY et al., Appellants.

Kansas City Court of Appeals, December 5, 1898.

1. **Conversion**: INTEREST: STATUTE: TRIAL BEFORE COURT. In assessing damages for conversion the jury under the statute have a right to exercise their discretion in allowing interest, and a peremptory instruction to allow interest would be error; so in a trial before the court the giving of such instructions is erroneous as it precludes the court from the exercise of its discretion.

2. **Appellate and Trial Practice**: INSTRUCTION. In a trial before a court without a jury the only way to correct errors of law is to ask declarations so that the reviewing court may see on what theory the trial court proceeded.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

W. K. JAMES for appellants.

(1) The court erred in giving instruction number 3, asked by plaintiff, declaring the law to be

that "plaintiff is entitled to six per cent interest on the value of the stock of goods shown by the evidence to have been converted from the date of the seizure and conversion February 2, 1888;" and in given plaintiff's instruction number 7, to the same effect. R. S. 1889, sec. 4430; State ex rel. v. Hope, 121 Mo. 34; Hawkins v. Press Brick Co., 63 Mo. App. 64, 68; Carson v. Smith, 133 Mo. 606, 615–616. (2) "Where the claim is disputed a party must accept a tender as made or must reject it." Deutman v. Kilpatrick, 46 Mo. App. 624, 629; Lee v. Todd, 20 Mo. App. 271, 284; Adams v. Helm, 55 Mo. 468; St. Joseph School Board v. Hull,. 72 Mo. App. 403.

LANDER, JOHNSON & LANDER for respondent.

(1) The court tried the case upon the theory that plaintiff was entitled to six per cent interest on the goods wrongfully attached, and found the amount of the interest in dollars and cents, and gave the declaration of law number 3 based upon that theory. Where the case is tried before the court without a jury, declarations of law have no office to perform. The judgment of the court on conceded facts is always a conclusion of law, and when the facts are found by the court, they are placed as conceded facts. Matson v. Frazer, 48 Mo. App. 309, 310; Cook v. Farrah, 105 Mo. 508; Hurst v. Booth, 52 Mo. App. 267; Gage v. Averell, 57 Mo. App. 118. (2) The trial court under all the evidence found no tender made. The record discloses the fact that this tender question first made its appearance in this court.

SMITH, P. J.—Cash & Haines sold and delivered to plaintiff a stock of goods. Afterwards, McDonald & Company with three other creditor firms of Cash

& Haines each brought a suit of attachment against the latter and caused the sheriff to levy their writs on the plaintiff's stock of goods. The plaintiff interpleaded in the attachments claiming to be the owner and entitled to the possession of the said stock of goods so levied on. The plaintiff's claim was sustained and judgment given accordingly for him on each of the suits. The sheriff, under an order of the court, had, in the meantime, sold the plaintiff's stock of goods. This suit was brought against McDonald & Company and the sheriff to recover damages for the wrongful conversion of the plaintiff's stock of goods. The cause by consent was tried by the court without a jury. The plaintiff requested the court to give several declarations of law among which was their third to the effect, that plaintiff was entitled to six per cent interest on the value of the stock of goods converted from February 2, 1888, the date of conversion, less the part returned by the defendants. The question which we are thus called upon to decide is whether the action of the court in so declaring was erroneous.

The statutes, section 4430, Revised Statutes, provide: "The jury on the trial of any issue, or on any inquisition of damages, may, if they shall think fit, give damages, in the nature of interest, over and above the value of the goods at the time of the conversion." If the issue of the fact had been submitted to a jury to determine instead of to the court it is clear that the declaration would have been improper. State ex rel. v. Hope, 121 Mo. 34; Carson v. Smith, 133 Mo. 606; Hawkins v. Press Brick Co., 63 Mo. App. 68. But it is contended that as the issues of law and fact were intrusted in the present case to the court the statute already quoted is inapplicable. To this contention we are unable to agree. No reason is seen why

CONVERSION: interest: statute: trial before court.

a case where the court is exercising the function of the jury—where it is the trier of the fact—that it should not be invested with a like discretion as a jury in respect to the allowance of interest. The court by giving the plaintiff's declaration, deprived itself of the exercise of its statutory discretion. It declared that interest accrued on the value of the goods from the time of the conversion as an inevitable legal consequence. The peremptory character of the instruction precluded the court from exercising a discretion which it would seem that the defendant was entitled to have it exercise. From the time of the conversion until that of the trial some eight years had elapsed. The item of interest was therefore an important one. There are many facts and circumstances developed by the evidence in the case which, we think, would have warranted the exercise of the statutory discretion by the court. It is quite likely the court, but for the Procrustean and unbending rule of law announced by this declaration, might have seen fit not to allow the plaintiff any interest at all or a less amount than was allowed. Our conclusion is that the plaintiff's declaration of law was improper and should not have been given.

The defendants next contend that they made a tender to plaintiff of a certain amount of money, attached to which was the condition that if APPELLATE and trial practice: the same should be accepted by him it instruction. should be in full discharge of his claim for damages against defendants. They also further contend that the evidence tends to show that the plaintiff accepted the tender and that therefore the acceptance thereof, with the condition attached, was an acceptance of the condition. St. Joseph School Board v. Hull, 72 Mo. App. 403. But on turning to the record we are unable to discover that this issue was in any

way raised in the court below.  If the defendants had desired a consideration of the case by the court on this theory they should have asked a declaration of law to that effect.  In a trial by the court without the aid of a jury in an action at law, the only way its errors can be corrected, if it decides the law wrongfully or makes a misapplication of the same to the facts, is to ask declarations of law so that the reviewing court may see on what theory the court proceeded.  To attempt to review this phase of the case would be simply giving an opinion on the weight of the evidence where no point of law was raised or saved in respect thereto in the trial court.  This we can not do.  Miller v. Breneke, 83 Mo. 164, and cases there cited.

But on account of the error in giving the plaintiff's said instruction number 3, the judgment will be reversed and cause remanded.  All concur.