89    55
102   ²621

CHARLES VERMILLION, Adm'r, Respondent, v.
HENRY LeCLARE, Appellant.

Kansas City Court of Appeals, May 6, 1901.

1. **Evidence: HEARSAY: RES GESTAE: DECLARATION OF POS-
SESSOR: PERSONAL PROPERTY.** Statements by one not a party
to the suit, and not made in the presence of a party thereto, are
hearsay; but declarations of a party in possession of personal prop-
erty in disparagement of his title, are admissible against a party
claiming under him as a part of the *res gestae* illustrating the char-
acter of his possession.

2. **Public Administrator:** COLLATERAL ATTACK: JURISDIC-
TION: STATUTE. Where a public administrator takes charge of an
estate under section 292, Revised Statutes 1899, and files in the pro-
bate clerk's office the notice required by section 295, his authority to
administer the estate can not be attacked collaterally; and the pro-
bate court alone has jurisdiction in a direct proceeding to question
his authority. Cases considered.

3. ———: COVERING ASSETS: DEMURRER TO THE EVIDENCE.
Evidence is reviewed and held sufficient to send the case to the jury
on the question of conversion.

4. ———: CONVERSION: INTEREST: INSTRUCTION: STATUTE.
In an action for conversion, the statute allows the jury the discretion
if they think fit, to give damages in the nature of interest over and
above the value of goods converted; and an instruction directing
the jury to give interest is erroneous, especially, in this case where
the conversion had occurred thirty years before the bringing of suit.

Appeal from Osage Circuit Court.—*Hon. John W. Booth,*
Judge.

REVERSED AND REMANDED.

*W. S. Pope, W. L. Vaughan* and *W. A. Davison* for de-
fendant.

(1) The court erred in admitting the testimony of wit-
nesses as to statements made to Mrs. LeClare, both before and
after her marriage to defendant.   O'Neil v. Crain, 67 Mo.
250; 1 Phillips on Ev., side p. 517; Coble v. McDaniel, 33 Mo.
363; Fougue v. Burgess, 71 Mo. 389; Gentry v. Field, 143 Mo.
399; State v. Pruett, 144 Mo. 92; Courtney v. Blackwell, 150
Mo. 245; Dunn v. Altman, 50 Mo. App. 231; Mahner v.
Linck, 70 Mo. App. 380; Cazier v. Hinchey, 143 Mo. 203;
Gordon v. Burris, 141 Mo. 602; 2 Watermann on Trespass,
note to p. 289; Loque v. Link, 4 E. D. Smith, 63; Pitts v.
Weakley, 155 Mo. 109, especially p. 138 et seq.; 1 Greenl. on

Ev. (16 Ed.), p. 192, sec. 110; Thistlewaite v. Thistlewaite, 132 Ind. 355; Sorenson v. Dundas, 42 Wis. 642. (2) The instruction in the nature of a demurrer to the testimony, asked at the close of the plaintiff's case, should have been given, because it clearly appeared from the pleadings and evidence that plaintiff was not lawfully in charge of the estate of John Durand. His report to probate court was incorrect in representing Durand as a citizen of Osage county. R. S. 1899, secs. 4, 292; G. S. 1865, chap. 120, sec. 3, and chap. 121, secs. 33, 34, 35. (3) The defendant, in no event, could have been responsible for interest until there was someone to deliver property to, especially, when the proof failed to show it earned anything. The court should not have given peremptory instruction as to interest. R. S. 1899, sec. 2869; R. S. 1889, sec. 4430; State ex rel. v. Hope, 121 Mo. 34; Carson v. Smith, 133 Mo. 615, 616; Construction Co. v. Railroad, 71 Mo. App. 626; Hawkins v. Brick Co., 63 Mo. App. 64. (4) The verdict is wholly unsupported by the evidence in the case. The personal property of Durand all belonged to his widow, and thereof no proof that defendant ever received or used any money that John Durand had at the time of his death. Cummings v. Cummings, 51 Mo. 261.

*A. K. Monroe* with *Ryors & Voshall* for respondent.

(1) On the whole case. McDonald, Adm'r. v. Walton, 2 Mo. 48. (2) The demurrer offered by appellant was properly overruled. Adams v. Larrimore, 51 Mo. 130; Beasley v. Johnson, 65 Mo. 250; Leeper v. Taylor, 111 Mo. loc. cit. 322; Dunn v. Bank, 109 Mo. loc. cit. 101. (3) Failure of the public administrator to give proper notice of his action in taking charge of the estate in no wise effects this suit. Adams v. Larrimore, 51 Mo. loc. cit. 132; Leeper v. Taylor, 111 Mo.

loc. cit. 322; Johnson v. Beasley, 65 Mo. 250. (4) The action of the public administrator can not be attacked collaterally. Johnson v. Beasly, 65 Mo. 250; Adams v. Larrimore, 51 Mo. loc. cit. 132; Leeper v. Taylor, 111 Mo. loc. cit. 322. (5) The court did not err in its rulings on the admission of evidence. Turner v. Beldon, 9 Mo. 802, top p. 466; Cavin v. Smith, 24 Mo. 221; Thomas v. Wheeler, 47 Mo. 363; Burgert v. Borchert, 59 Mo. 80; Anderson v. McPike, 86 Mo. 293; Boynton v. Miller, 144 Mo. loc. cit. 687; Pitts v. Weakly, 155 Mo. loc. cit. 138; Hammons v. Renfrow. 84 Mo. 332. (6) The instruction as to interest properly declared the law. Padley v. Catterlin, 64 Mo. App. 629, loc. cit. 646. Defendant had the use of the money and property of plaintiff and should pay interest therefor. Webster v. Railroad, 116 Mo. loc. cit. 121.

SMITH, P. J.—The petition in this case contained in substance the following allegations: 1. That plaintiff was public administrator of Osage county, etc. 2. That John Durand died intestate in the county of St. Louis in 1866, leaving surviving him his widow, Virginia Durand, and five children, and seized and possessed of personal property, viz.; money on hand amounting to $2,000, and stock of the aggregate value of $1,000. 3. That immediately after the death of said John Durand his said widow with her children moved to said Osage county, taking with her the said money and property. 4. That shortly after the removal of the said widow, Virginia Durand, to said Osage county, she was married. to the defendant with whom she sustained the relation of wife until her death in 1897. 5. That the money and property of the said John Durand, deceased, which his said widow brought to Osage county, continued in her possession and use until her death when defendant took possession thereof and has ever since kept

the same.  6.  That defendant has refused to pay over to plaintiff in his quality as public administrator having charge of the estate of the said John Durand, deceased, the property and money belonging thereto.  7. That the said defendant and his said wife, Virginia, a long time ago converted the property of the said John Durand, deceased, into money and other forms of property, and ever since their marriage the same has been in the possession and use of the defendant as his own.

These allegations were all controverted by the answer. There was a trial in which plaintiff had judgment and defendant appealed.

I.  During the progress of the trial the plaintiff was permitted, over the objections of the defendant, to prove by a number of witnesses that the said Virginia, widow of John Durand, deceased, before and after her marriage with defendant, in conversations had by her with them, severally, stated that she brought with her from St. Louis county about two thousand dollars in money which belonged to her deceased husband, John Durand, and that the seventeen hundred dollars, with which the farm on which she and defendant resided until her death had been purchased, was a part of the John Durand money. It is contended that since the said admissions of the said Virginia (wife of defendant) were made to witnesses in the absence of defendant, they were inadmissible to bind him in any way.  Numerous authorities have been cited in the brief of defendant's industrious counsel to support this contention. These authorities all agree that it is the general rule that statements made by one not a party to the suit and not made in the presence of one who is a party, is hearsay evidence and inadmissible.

But this further rule has been firmly settled in this State by a long and unbroken line of adjudication to the effect that the declarations of a party in possession of personal property

in disparagement of his title are admissible in evidence against a party claiming under him, upon the principle that they constitute verbal acts—part of the *res gestae*, and serve to illustrate the character of the possession.  Turner v. Beldon, 9 Mo. 464; Cavin v. Smith, 21 Mo. 444, and cases cited; Darrett v. Donnelly, 38 Mo. 492; Thomas v. Wheeler, 47 Mo. 363; Burgert v. Bochert, 59 Mo. 80; Anderson v. McPike, 86 Mo. 293. The testimony to which defendant objected was competent to show the amount of money received by Durand's widow and carried to Osage county, and what disposition she made of it. It was, we think, properly admitted.

II.    The defendant complains that the instruction requested by him in the nature of a demurrer to the evidence should have been given.   He insists it is disclosed by the pleadings and evidence that the plaintiff was not lawfully in charge of the estate of John Durand, deceased; that his report to the probate court, representing that the said John Durand, deceased, was a citizen of Osage county, was untrue.   Even though the action of the plaintiff in taking charge of the estate of John Durand was irregular and illegal, yet the defendant, in order to assail it, must go into the probate court.   Where the public administrator, on his own motion, takes charge of the estate of a deceased person in any one of the cases mentioned in section 292, Revised Statutes 1899, and files a notice of the fact in the office of the clerk of the probate court, as required by the provisions of section 295, his relation to such estate thereafter is not different than if he had taken charge of it by the order of the probate court, or under letters of administration. Sec. 4, R. S. 1899.   If, in the course of such administration, he brings a suit against any one for the recovery of assets belonging to the estate, the notice filed by him in the office of the clerk of the probate court when produced will be sufficient to establish his authority and capacity to sue.   And his prima

facie right to sue thus established can be rebutted only in one way, and that is by showing an order of the probate court disapproving and arresting his action in taking charge of the estate, filing the notice and endeavoring to administer it. It has been held that any illegality in the grant of letters of administration can not be taken advantage of in a collateral proceeding. They must be regarded as valid until they are regularly revoked. Riley's Adm'r v. McCord's Adm'r, 24 Mo. 265; Johnson v. Beazley, 65 Mo. 250; Brawford v. Wolfe, 103 Mo. 391; Griffith v. Frazier, 8 Cranch 9; McNeil v. Turner, 16 Wall. 353.

The statute enjoins upon public administrators the duty to take into their charge and custody the estates of all deceased persons in their respective counties in the several cases named in said section 292, and when they do so and file the notice required by section 295, supra, it must be conclusively presumed, in a collateral proceeding, that that officer determined the several questions of fact that were necessary to authorize the action taken by him. He is a public officer and must be presumed to have acted correctly and within the purview of his statutory authority. It must be presumed, too, that he determined that said John Durand was dead and that his estate was in one or more of the nine conditions specified in said section 292, requiring him in the discharge of his official duties to take it into his charge and custody for administration. Vosler v. Brock, 84 Mo. 574; Williams v. Mitchell, 112 Mo. 300; Johnson v. Beazley, supra. And until the probate court, in the exercise of its general jurisdiction over the administration of the estate, in a direct proceeding before it, overthrew the determination of the public administrator, disapproving his action and arresting the administration, his action is not subject to question in a collateral proceeding.

In Leeper, Public Adm'r v. Taylor, 111 Mo. loc. cit. 322, it was said: "Here the public administrator took charge of

the estate and filed a notice of the fact in the office of the clerk of the probate court, and that was sufficient. He is not required to set out or prove the facts which gave him a right to administer." And in a preceding paragraph of the same opinion it was said: "When he takes charge of an estate he occupies the position of a private administrator, and in suits brought by him he is not required to show facts which authorized him to take upon himself the burden of the administration. Wetmore v. Waters, 18 Mo. 396." McCabe v. Lewis, 76 Mo. 296, cited by defendant, was where a public administrator had taken charge of an estate and filed the notice in the office of the clerk of the probate court and then brought a suit against a person alleged to have had in her possession assets of the estate. A motion was filed in the probate court "to set aside the appointment and revoke the letters of administration." The probate court overruled this motion. The case was carried by appeal to the circuit court and from thence it went to the Supreme Court where it was held that the probate court should have revoked the authority of the public administrator and ordered all further proceedings by him stayed, etc. In Lewis, Public Adm'r, v. McCabe, 76 Mo. 307, it was said that inasmuch as it was held in McCabe v. Lewis, supra, that Lewis was not legally in charge of said estate, it followed that he could not maintain that action. But there is nothing in either of the two last-cited cases that give countenance to the contention that in a case like this when a public administrator has taken into his charge the estate of a deceased person and filed notice thereof in the office of the clerk of the probate court, and after doing that brings a suit in his capacity as administrator of such estate to recover assets of the estate alleged to have been converted and made way with, that he is required to prove the facts that were necessary under the statute to authorize him to act. His authority to act can not be called in question in that suit.

The fact that he has acted is conclusive until his authority so to do is revoked by an order of the probate court. Such an order, if shown in evidence, in this case would have been sufficient to disprove plaintiff's authority to maintain the action. His authority could be assailed in no other way.

It follows, therefore, that even if the notice filed by the plaintiff in the office of the clerk of the probate court did state that Durand died in Osage county, when in truth and fact he died in St. Louis county, this was not sufficient to justify the discontinuance of the action by the court. The public administrator may have been mistaken as to the existence of this jurisdictional fact, still his action based on the erroneous finding of that fact could not be collaterally inquired into and determined in this action. Nor do we wish to be understood as deciding whether or not it could be in the probate court. Certainly, if the authority of the plaintiff is subject to revocation on account of the fact just referred to, it must be by the probate court where the requisite jurisdiction alone resides. We are, therefore, of the opinion that the trial court did not err in ruling that the action could be maintained. Defendant further insists that his demurrer ought to have been sustained because the evidence was generally insufficient to carry the case to the jury. But a rather thorough examination of such evidence has not had the effect of convincing us that this contention should be upheld. We think the facts which the evidence tended to prove and those to be inferred therefrom were sufficient to authorize a submission by the court.

III. The defendant complains of the action of the court in instructing the jury at the instance of the plaintiff that if it found for him then to allow interest on the amount so found at the rate of six per cent per annum from the time the property and money belonging to the said Durand, deceased, came into the hands of the defendant and his wife. The action was *ex*

*delicto* and not *ex contractu.* It was for the conversion of money and property belonging to Durand at the time of his death. The action is not one where the damages sought to be recovered arise out of a breach of a contract and for that reason the ruling in Padley v. Catterline, 64 Mo. App. 629, is inapplicable. Section 2863, Revised Statutes 1899, provides that the jury on the trial of any issue or inquisition of damages, may, *if they shall think fit,* give damages in the nature of interest, over and above the value of the goods at the time of conversion. The peremptory character of the plaintiff's instruction precluded the jury from exercising the discretion which the defendant was entitled to have it exercise. State ex rel. v. Hope, 121 Mo. 34; Carson v. Smith, 133 Mo. 606; Wheeler v. McDonald, 77 Mo. App. 213; Hawkins v. Press Brick Co., 63 Mo. App. 64.

From the time of the conversion until the trial, more than thirty years had elapsed, so that the item of interest was therefore a very important one. There were many facts and circumstances developed by the evidence which we think would have warranted the exercise of the statutory discretion by the jury. It might have been that the jury, had they been informed of their statutory discretion in the case, would have seen fit to allow to the plaintiff no interest whatever, or a less amount than was allowed. The giving of this instruction, we think, was quite harmful and calls for a reversal of the judgment.

IV. We discover no reason why the defendant's instruction number five should not have been given. The action of the court in respect to the giving and refusing instructions, except as to the plaintiff's third and the defendant's fifth, was unexceptionable.

It results that the judgment must be reversed and the cause remanded. All concur.